George SWIDERSKI, County Clerk *v.*
W. L. GOGGINS et al

74-215                                        514 S.W. 2d 705

Opinion delivered October 28, 1974

*John B. Driver*, for appellant.

*J. D. Patterson*, for appellees.

Lyle Brown, Justice. Appellant is the county clerk of Searcy County. Appellees constitute the board of election commissioners of Searcy County. John A. Griffith timely filed with appellees his petition to have his name placed on the ballot as an independent candidate for county judge. Appellant requested of the commissioners that the petitions be turned over to him to the end that he could compare them with the voter registration list to determine the adequacy of the petitions. His request was denied. Appellant filed his petition for a writ of mandamus to compel the transfer of the petitions to his possession. This appeal is from a denial of that petition.

Appellant did not show a clear legal right to a writ of mandamus to compel the commissioners to turn the petitions over to him. Such a showing is a necessary prerequisite to the granting of such a writ. In *Naylor* v. *Goza*, 232 Ark. 515, 338 S.W. 2d 923 (1960) we said:

> Since * * * the purpose of a writ of mandamus is not to establish a legal right but to enforce one which has already been established, it is essential to the issuance of the writ that the legal right of plaintiff or the relator to the performance of the particular act of which performance is sought to be compelled must be clear, specific, and complete, or, as otherwise stated, plaintiff or the relator must have a clear and certain legal right to the relief or remedy sought by the writ; and, according to some decisions, the right to the writ must be clear, undoubted and unequivocal, so as not to admit of any reasonable controversy.

The method of filing as an independent candidate is prescribed by Ark. Stat. Ann. § 3-105 (Supp. 1973). Among other things it is provided that "The sufficiency of any petition filed under the provisions hereof may be challenged in the same manner as provided by law for the challenging of

Initiative and Referendum petitions". The same section provides that the petitions shall be directed to the official with whom certificates of nomination are required to be filed. Certificates of nomination for county office must be filed with the county election commissioners. Ark. Stat. Ann. § 3-121 (Supp. 1973). We have held that the county election commissioners have the right to determine the *prima facie* sufficiency of the petitions. We set out that the determination was to be made by counting the number of signers and comparing the total with the number required by law. With that action, we said the powers of the commissioners are at an end. We said a challenge to the petitions would have to be in a legal proceeding begun by an action to enjoin the commissioners from certifying the proposed candidate. *Carroll* v. *Schneider*, 211 Ark. 538, 201 S.W. 2d 221 (1947). The present statutory law is substantially the same as when *Carroll* was handed down.

We are unable to say the Legislature intended to strip the election commissioners of their authority as related in *Carroll*. Certainly we cannot say that under the status of the proceedings at the time the petition for mandamus was filed, appellant had a clear legal right to mandamus.

Affirmed.