Gene DONN *v.* W.J. "Bill" McCUEN, Secretary of State, and Arkansas State Board of Election Commissioners

90-268                                          797 S.W.2d 455

Supreme Court of Arkansas
Opinion delivered October 24, 1990

*Gregory Ferguson*, for appellant.

*Jodi Raines Dennis*, for appellee Secretary of State.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellee Arkansas State Board of Election Comm'rs.

*Keith Vaughn*, for appellee-intervenors Dan Dunn, Walter S. Tucker, Jean Carmen, Conna Petre, Art Brannen, Lila Powell, Patt Foley, and Sue Grimes.

TOM GLAZE, Justice. In this election case, appellant seeks to qualify as an independent candidate for the office of House of

Representatives, District 70, which is in north Pulaski County. Although he timely filed his qualifying petitions with the appellee Secretary of State, he erred in labeling his petitions and the office he sought as being in district 26, position 70.[1] A house district 26 position does exist, but that house position is in another area of the state.

After seeking advice from both the Attorney General's office and the State Board of Election Commissioners, the Secretary of State refused to certify the appellant's qualifying petitions, and appellant subsequently filed a *pro se* action, seeking injunctive relief in circuit court to have his name placed on the ballot. The Secretary of State and State Board of Election Commissioners responded, stating various grounds upon which appellant's complaint should be dismissed. About one month later, eight voters, who had signed the appellant's petitions, intervened asking appellant's action be dismissed because they had been misled by his petitions. Basically, the intervenors claimed the petitions failed to reflect that the appellant sought to qualify as a candidate for House District 70. Next, appellant obtained an attorney, who, by amending appellant's original complaint, requested a writ of mandamus directing the Secretary of State to determine the sufficiency of appellant's petitions and to mandate appellant's name be placed on the ballot as an independent candidate for State Representative, District 70. The trial court denied appellant's request. We must affirm.

Under Arkansas Election Laws, challenges to the sufficiency of an independent candidate's petition are treated the same as challenges to initiative and referendum petitions. Ark. Code Ann. § 7-7-103(e) (Supp. 1989). Thus, after a qualifying candidate's petition is filed, the Secretary of State must ascertain and declare the petition's sufficiency within fifteen days. Ark. Code Ann. 7-9-111(a) (Supp. 1989). In the event the petition is found to be insufficient, the candidate has thirty days to do any or all of the following: (1) solicit and obtain additional signatures; (2) submit proof to show that the rejected signatures or some of them are good and should be counted; and (3) make the petition more

---

[1] Apparently, appellant's error resulted from misreading a map he acquired from the Secretary of State's office.

definite and certain. Ark. Code Ann. § 7-9-111(d)(1).

If the Secretary of State fails or refuses to examine and file the petition within this time period, the qualifying candidate has fifteen days to apply for a writ of mandamus to compel the officer to certify the sufficiency of the petition. Ark. Code Ann. § 7-9-112(a) (1987). We have repeatedly recognized that the provisions of elections laws are mandatory if enforcement is sought before the election and directory if not raised until after the election. *See, e.g., Stillinger* v. *Rector*, 253 Ark. 982, 490 S.W.2d 109 (1973).

In applying these statutory provisions to the facts before us, we must conclude that the appellant's application for a writ of mandamus was untimely. Appellant filed his petitions for independent candidacy with the Secretary of State's Office on April 30, 1990. The Secretary of State should have determined the sufficiency of the petitions by May 15, 1990. Instead, the Secretary of State did not inform the appellant that his name would not be certified as a candidate until June 10, 1990.[2] Since the Secretary of State did not act within the required fifteen days, the appellant should have filed for a writ of mandamus by May 30, 1990. Instead, the appellant took no action to remedy his certification for independent candidate until July 10, 1990, when he filed suit for injunctive relief. It was only after obtaining an attorney, that the appellant finally amended his complaint on October 1, 1990, to seek the proper remedy of mandamus.

The statutory requirements for qualifying as candidates are designed so that other pertinent election procedures can be timely met. *See, e.g.,* Ark. Code Ann. § 7-5-208(h)(4) & (5) (Supp. 1989) (drawing for ballot position not less than thirty-five days prior to election); Ark. Code Ann. § 7-5-407 (1987) (delivering absentee ballots to the county clerk's office not less than twenty-five days before the election). Here, appellant was obviously unaware of the required procedure to challenge the Secretary of

---

[2] We note the appellant's argument that this notification was not a declaration of the sufficiency or insufficiency of the petitions by the Secretary of State. However, we need not reach this argument since regardless of whether the letter qualifies as a determination of the sufficiency of the petition, the Secretary of State did not act timely and the appellant must seek a writ of mandamus within the statutory time period.

State's failure to qualify his independent candidate petitions, and while he ultimately obtained counsel who was, or became, familiar with the necessary procedure, his request for mandamus against the Secretary of State was not filed until October 1, 1990 — four months after he should have filed for such relief. At this late date, we must uphold the trial court's denial of appellant's mandamus request.

For the reasons stated above, we affirm and issue an immediate mandate.