Mr. Don Eilbott, Chairman Jefferson County Election Commission 101 West Barraque Pine Bluff, Arkansas 71601
Dear Mr. Eilbott:
This is in response to your request for an opinion on the following two questions:
 1. After an independent candidate's filing petition has been determined to be insufficient, what actions may be taken by the candidate to correct the insufficiency and in what period of time are these corrections to be made?
 2. Where does the authority lie for determination of sufficiency with regard to verification of voter registration and signature?
In the interest of clarity, your second question will be addressed first.
It is my understanding that your questions refer to petitions filed by an independent candidate for the office of county sheriff. Your second question inquires as to who has the authority to determine the sufficiency of the petitions with regard to such matters as verification of voter registration and signature.
The relevant statute, A.C.A. § 7-7-103 (1987), does not specifically address the determination of the sufficiency of the petitions. It does, however, at A.C.A. § 7-7-103(e), state that "[t]he sufficiency of any petition filed under the provisions of this section may be challenged in the same manner as provided by law for the challenging of initiative and referendum petitions." This language, however, does not appear to address the official determination of the sufficiency of the petitions, but addresses "challenges" to the sufficiency of petitions, and states that these petitions "may be challenged" in the same manner as initiative and referendum petitions. It does not state that the sufficiency of such petitions shall be "determined" in the same manner as initiative and referendum petitions.
It would at first blush appear, therefore, that the provisions of Amendment 7 to the Arkansas Constitution investing the county clerk with authority to determine the sufficiency of county initiative and referendum petitions, and statutes granting the same authority, would have no applicability to the petitions of county independent candidates. This result, additionally, was also borne out by prior case law. Such case law indicated that the county election commission, not the county clerk, had the authority to make a determination of prima facie sufficiency of the petitions of independent candidates. Swiderski v. Goggins,257 Ark. 164, 514 S.W.2d 705 (1974). In Swiderski, the county clerk filed an action for mandamus to require the county board of election commissioners to turn over to him the petitions filed by an independent candidate for county judge so that he could determine their sufficiency by comparing the signatures with the voter registration list. The court denied the mandamus because the county clerk did not show that he had a clear legal right to determine the sufficiency of the petitions. The court held that the county board of election commissioners had the authority to make a prima facie determination of sufficiency because it was the entity with which certificates of nomination were filed, and that the authority extended, however, only to the counting of the number of signatures on the petitions to compare them with the number required by law. With this task accomplished, the court held that the duties of the Commission were at an end. Id. The court held that any challenge to the sufficiency of the petitions, including such matters as voter registration and signature, must be raised in a legal action seeking to enjoin the Commission from placing the candidate's name on the ballot. Id.See also Carroll v. Schneider, 211 Ark. 538, 201 S.W.2d 221
(1947). Although the court cited what is now A.C.A. § 7-7-103(e) (the sufficiency of independent candidate petitions may be challenged in the same manner as initiative and referendum petitions), it apparently concluded that this provision did not grant the county clerk any role in determining the sufficiency of independent candidate petitions, as was invested with county initiative and referendum petitions by Amendment 7 to the Arkansas Constitution and statutes applicable at the time. See
former Ark. Stat. Ann. §§ 2-303 and 2-309.
Two problems arise, however, in continuing to apply Swiderski
to the facts at hand. The first problem arises because the decision in Swiderski was premised primarily on the fact that the county board of election commissioners is the entity with which certificates of nomination are filed. The court reasoned that because this was the case, "of necessity" it was the entity which had the duty to determine the prima facie sufficiency of the petitions. See also Carroll, supra. The problem with applying this reasoning today is that the statute governing the filing of certificates of nomination was amended in 1975, one year after the Swiderski decision, to provide that such certificates of nomination for county candidates shall be filed with the county board of election commissioners and the countyclerk. See A.C.A. § 7-7-402(2), and Act 601 of 1975, § 4. There is thus a question under current statutes as to which entity has the authority to make any "prima facie" determinations as to sufficiency.
Another apparent problem with applying the reasoning of theSwiderski decision to the current facts arises in light of the Arkansas Supreme Court's recent decision in Donn v. McCuen,303 Ark. 415, 797 S.W.2d 455 (1990). The court in Donn has apparently construed the language of A.C.A. § 7-7-103(e) (independent candidate petitions may be challenged in the same manner as initiative and referendum petitions) as incorporating not only the procedure for third party legal challenges to the sufficiency of such petitions, (see, e.g., Martin v.Hickey, 232 Ark. 121, 334 S.W.2d 667 (1960)) but also the procedure for determining the sufficiency of such petitions. This interpretation is decidedly distinct from the decision inSwiderski, which implied no applicability of such provisions by virtue of the language of what is now A.C.A. § 7-7-103(e).
In Donn, the Secretary of State refused to certify the petition of an independent candidate for state representative. The court, after citing A.C.A. § 7-7-103(e), held that all of the provisions applicable to determining the sufficiency of initiative and referendum petitions applied to Mr. Donn's case. That is, the sufficiency of the candidate's petition must be determined by the Secretary of State within fifteen days; if insufficient, the candidate has thirty days to obtain additional signatures; if the Secretary of State refuses to act to examine the petition, the candidate must file a mandamus action within fifteen days. All of these provisions are set out to govern the procedures used in determining the sufficiency of initiative and referendum petitions (see A.C.A. § 7-9-111), and the court applied them to the petition of an independent candidate by application of A.C.A. § 7-7-103(e). The court thus construed the language incorporating the manner of "challenging" the independent candidate's petitions as including all of the mechanisms and procedures for arriving at a decision as the the sufficiency of the petition. Although the court in Donn was faced with a state district race, the construction of this language should apply as well with respect to county independent candidate petitions and would thus incorporate all of the procedures for determination of the sufficiency of county initiatives and referendums.
It is therefore my opinion that Swiderski is no longer controlling with respect to your second question, and that in light of the Supreme Court's decision in Donn, and the amendment of the statute relied upon in Swiderski, the county clerk should determine the sufficiency of the petition according to the provisions of A.C.A. § 14-14-915(d) and (e).
Your remaining question, the first one posed, concerns what actions may be taken by a candidate whose petition has been found to be insufficient, to correct the petition, and in what time period this action must be taken. As stated above, the issue is controlled, in my opinion, by A.C.A. § 14-14-915(d) and (e), which provide that the county clerk shall determine the sufficiency of the petition within ten days of filing and if the petition is found insufficient, the clerk shall notify the petitioners and set forth the details of the insufficiency. Upon notification, the petitioners shall be afforded ten calendar days to solicit and add signatures, or to submit proof that existing signatures are valid. While the sentence above represents a concise summary of the provisions of the statutes, scrupulous reference to the precise wording of the statute should be had in executing this procedure, as provisions of election laws are mandatory prior to the election. Donn, supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh