The Honorable Bobby Tullis State Representative Box 277 Mineral Springs, AR 71851
Dear Representative Tullis:
This is in response to your request for an opinion on several questions regarding the applicable law and procedures in connection with independent candidate petitions. Your questions will be restated and addressed below in the order posed.
1. Do the provisions of A.C.A. § 7-9-108 apply to petitions filed in behalf of an independent candidate?
It is my opinion that the answer to this question is "no." This Code section sets forth certain procedures for circulating state-wide initiative and referendum petitions, including the requirement that the petition be circulated in fifteen or more parts and that a circulator's affidavit be attached thereto. A.C.A. § 7-9-108(a) and (b) (Supp. 1991).
The requirements for filing as an independent candidate are found at A.C.A. § 7-7-103 (1991 Repl.)[1] Subsection (e) of §7-7-103 states that "[t]he sufficiency of any petition filed under the provisions of this section may be challenged in the same manner as provided by law for the challenging of initiative and referendum petitions." The Arkansas Supreme Court has construed this language as incorporating procedures under A.C.A. § 7-9-111 and -112 for determining the sufficiency of initiative and referendum petitions, apart from any third party legal challenges. See Donn v. McCuen, 303 Ark. 415, 797 S.W.2d 455
(1990).[2] This is not to say, however, that the statutory requirements for circulating initiative and referendum petitions apply to petitions to qualify as an independent candidate. Subsection (e) of § 7-7-103 does not, in my opinion, incorporate the statutory requirements under § 7-9-108.
2. Is a petition for an independent candidate insufficient if it does not contain the verification required by A.C.A. § 7-9-109
by the person who circulated the sheet of the petition?
The answer to this question is, in my opinion, also "no." My research has not disclosed a verification requirement in connection with signatures on a petition to qualify as an independent candidate. This was also the conclusion reached by two prior administrations in this office. See Op. Att'y Gen. Nos. 90-171 and 76-58. Nor, in my opinion, are the provisions of § 7-9-109 incorporated by virtue of § 7-7-103(e). See response to Question 1.
3. If a part of a tition appears beyond a reasonable doubt to contain 20% or more signatures that are fictitious, forged, or otherwise clouded or that the challenged petitioners were ineligible to sign the petition, which fact was known or could have been ascertained by the exercise of reasonable diligence on the part of the canvasser, is the Secretary of State obligated to require the candidate to assume the burden of proving all other signatures to be valid?
It is my opinion that the answer to this question is "yes." The court in Donn v. McCuen, supra, citing A.C.A. § 7-7-103(e) (Supp. 1989), stated that ". . . challenges to the sufficiency of an independent candidate's petition are treated the same as challenges to initiative and referendum petitions."303 Ark. at 416. The court went on to quote several subsections of §§ 7-9-111
(Supp. 1989) and -112 (1987) regarding the Secretary of State's sufficiency determination.[3] The language of your question regarding ". . . 20% or more signatures" appearing "beyond a reasonable doubt" to be "fictitious, forged, or otherwise clouded" appears in § 7-9-111(b) (Supp. 1991). This subsection includes the requirement that the sponsors assume the burden of proving the validity of all other signatures, should twenty percent or more appear beyond a reasonable doubt to be clouded. It may reasonably be concluded from the decision in Donn that this requirement would be deemed applicable as well in connection with an independent candidate's petition.
4. Do the provisions of A.C.A. § 7-9-111 apply to independent candidates' petitions.
It is my opinion that the answer to this question is, generally, "yes." See Donn. v. McCuen, supra.
5. If the independent candidate petition does not have the required verification by the person circulating the sheet, what are the duties of the Secretary of State?
As stated in response to Question 2, my review has not disclosed a verification requirement.
6. Must the petition of the independent candidate provide a space showing the date signed so as to satisfy the requirement that no petition shall be circulated more than sixty (60) days prior to the deadline for filing petitions to qualify as an independent candidate?
The answer to this question appears to be "no." Section7-7-103(c)(3) sets forth the requirement that "[p]etitions shall be circulated not earlier than sixty (60) calendar days prior to the deadline for filing petitions to qualify as an independent candidate." There is, however, no provision requiring inclusion of the date signed on the petition.
7. If an independent candidate attempts to file for a district office, must he obtain signatures of electors from each county in the district?
The answer to this question is, in my opinion, "no." Section7-7-103(c)(1) states in pertinent part that the candidate shall furnish "petitions signed by not less than three percent (3%) of the qualified electors in the . . . district in which the person is seeking office, but in no event shall more than two thousand (2,000) signatures be required for a district office." This provision makes no reference to obtaining signatures from the specific counties in the district, nor has my research disclosed a separate requirement in this regard. The three percent may, it appears, be derived from the district as a whole.
8. If any sheet of the petition contains signatures from more than one county, which signatures are invalid?
It is my opinion that there is no prohibition against the inclusion of signatures from more than one county on an independent candidate petition. State-wide initiative and referendum petitions may not, in accordance with A.C.A. § 7-9-108
(Supp. 1991), ". . . contain signatures of petitioners from more than one (1) county." As noted in response to your first question, however, it is my opinion that § 7-9-108 does not apply to petitions filed in behalf of an independent candidate. And there appears to be no separate limitation applicable to such petitions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Nomination as an independent candidate shall, according to A.C.A. § 7-7-401(e) (Repl. 1991), ". . . be certified by petition of electors in the manner provided in § 7-7-103."
[2] Section 7-9-111 was amended in several respects subsequent to Donn v. McCuen. See A.C.A. § 7-9-111 (Supp. 1991).
[3] See n. 1, regarding subsequent amendments to § 7-9-111.