The Honorable Ron Fields Prosecuting Attorney Twelfth Judicial Circuit Sebastian County Courthouse Fort Smith, AR 72901
Dear Mr. Fields:
This is in response to Deputy Prosecuting Attorney Daniel Shue's request for an opinion regarding an independent candidate petition that was recently filed in Sebastian County. Mr. Shue states that a petition was filed by an individual seeking the office of "Recorder-Treasurer" in Central City, an incorporated town. See A.C.A. §§ 14-45-107 and -108 (1987). The petition, however, identifies the office as "City Clerk." The following questions have been presented in this regard:
 1. Is the petition of the independent candidate definite and certain enough for the candidate's name to be placed on the ballot and certified as an independent candidate, pursuant to A.C.A. §§ 7-7-401
and 7-7-103?
 2. Would Donn v. McCuen, 303 Ark. 415 (1990), be controlling precedent after Act 512 of 1993?
 3. If not, does the Sebastian County Board of Election Commissioners have the authority to remove this independent candidate's name from the ballot, which seems to be inappropriate in view of State v. Craighead County Board of Election Commissioners, 300 Ark. 405 (1989) and Op. Att'y Gen. 94-106?
It is my opinion that the answer to the first question is "yes." I believe that the prospective candidate has "mentioned" the office she seeks in a sufficient manner to comply with the filing requirement. Arkansas Code Annotated § 7-7-103 (Repl. 1993), which governs independent candidate filing,[1] states in relevant part as follows under subsection (c)(2):
 Each elector signing the petition shall be a registered voter, and the petition shall be directed to the official with whom the person is required by law to file nomination certificates to qualify as a candidate, requesting that the name of the person be placed on the ballot for election to the office mentioned in the petition. [Emphasis added.]
As noted in Attorney General Opinion 90-171 (copy enclosed), there appear to be no other Arkansas Code provisions governing the petition's designation of the office sought. Id. at 4. As stated in that opinion:
 The prospective candidate is requesting nomination to the office mentioned in the petition. The question . . . is whether the prospective candidate has `mentioned' the office he seeks in a manner specific enough to satisfy Arkansas law.
Id. at 4-5.
The opinion goes on the note that there is little guidance under Arkansas law with respect to determining the petition's sufficiency insofar as the office designation is concerned. Id.
at 5. Case law in other jurisdictions was therefore reviewed, and it was concluded that a finding of sufficiency will be warranted where the office sought is discernible from the face of the petition. Id. at 8-12. The following guiding principle was propounded:
 If you can determine from the face of the petition, taking into account each of its parts, and all of the information supplied, which office [the prospective candidate] seeks, and can do so without having to engage in guesswork and speculation to such an extent as to yourself supply the office to which he aspires, then it is my opinion that you may declare the petition prima facie sufficient and accept it for certification.[2]
Id. at 3.
It seems clear in this instance that the office sought is discernible from the petition. Although the office is more accurately designated as "recorder-treasurer" (see A.C.A. §§14-45-107 and -108 (1987)), it is clear that the "recorder-treasurer" in incorporated towns "shall also be, and act as, clerk of the town." A.C.A. § 14-45-107(a). Thus, the offices of city clerk and recorder-treasurer are one and the same, as a matter of law, in incorporated towns. These circumstances compel me to conclude that there was no deception or fraud by virtue of the petition's designation of the office as "city clerk." Rather, because the "recorder-treasurer" is also the "clerk of the town," it may reasonably be concluded that the office sought is self-evident from the petition.
In response to the second question regarding the case of Donn v.McCuen, 303 Ark. 415, 797 S.W.2d 455 (1990), it is my opinion that the answer is "no." Donn would not be controlling precedent, insofar as challenges to an independent candidate's petition are concerned, following passage of Act 512 of 1993. Act 512 amended subsection (e) of § 7-7-103 to state that "[t]he sufficiency of any petition filed under [§ 7-7-103] may be challenged in the same manner as provided by law for electioncontests, § 7-5-801 et seq." (Emphasis added.) This language is now codified at A.C.A. § 7-7-103(e) (Repl. 1993).
A response to the third question, concerning removal of this candidate's name from the ballot, in unnecessary in light of the foregoing.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosure
[1] In accordance with A.C.A. § 7-7-401(e) (Repl. 1993), "[n]omination as an independent candidate without political party affiliation for election to any office shall be certified by petition of electors in the manner provided in § 7-7-103."
[2] Independent candidates for municipal office must file their petitions of nomination with the county board of election commissioners not less than sixty days before the general election. A.C.A. § 7-7-103(d)(2). It thus appears that the board of election commissioners must determine the prima facie
sufficiency of the petition. See generally Carroll v.Schneider, 211 Ark. 538, 201 S.W.2d 221 (1947) and Swiderski v.Goggins, 257 Ark. 164, 514 S.W.2d 705 (1974).
It should be noted in this regard that a previous opinion from this office incorrectly stated that independent candidates for municipal office must also file their petitions with the county clerk. Op. Att'y Gen. 94-160 at 3. The issues in that opinion involved a county office, to which the county clerk filing requirement clearly applies. See A.C.A. § 7-7-402 (Repl. 1993) and Swiderski, supra. Opinion 94-160 is, however, superseded with regard to municipal office.