The Honorable Scott Ferguson State Representative 200 S. Rhodes, Suite B West Memphis, AR 72301-4213
Dear Representative Ferguson:
This is in response to your request for an opinion on two questions concerning voter registration records. You indicate that these matters are pending before the election commission. Your first question involves the petition of an independent candidate for municipal office in a ward election. See A.C.A. §§ 7-7-103(c)(1) (Supp. 1997) and 14-42-206(b)(1)(B) (Repl. 1998). You state that a petition has been presented containing two signatures with addresses within the ward of the prospective councilman, but that these persons have different addresses on file at the county courthouse. You note that the two voters do have utilities connected at the addresses listed on the petition and have subsequently asked for change of address at the county clerk's office. Your specific question in this regard is as follows:
 Does a voter's signature and address on a petition serve under the Motor Voter Legislation as a request for change of address at the presentation to the clerk's office and therefore are they valid signatures for the address presented on the petition, or should they be disqualified as not being within the ward of the councilman because their voter registration at the County Clerk's office had not been changed?
Your second question, which is similar with regard to absentee ballots, is restated and addressed below.
It is my opinion in response to your first question that a challenge to the petition signers' qualifications based solely upon the fact that the voter registration records have not been updated would likely fail if in fact the signers are otherwise properly registered and are residents of the candidate's ward at the time of signing. This conclusion is discussed more fully below. I must first point out, however, the procedures for determining the sufficiency of the independent candidate's petition.
Nomination as an independent candidate without party affiliation is certified by petition of electors in the manner provided in A.C.A. §7-7-103 (Supp. 1997). See A.C.A. § 7-7-401(e) (Supp. 1997). Independent candidates for municipal office file their petitions of nomination with the county clerk (A.C.A. §§ 7-7-103(c)(2) and 14-42-206(b)(1)); and "[t]he county clerk shall determine whether the petition contains a sufficient number of qualified electors." Id. at subsections (c)(1) and (b)(2), respectively. The county clerk thus makes the sufficiency determination.Compare Op. Att'y Gen. 92-128 (discussing § 7-7-103 and the case ofSwiderski v. Goggins, 257 Ark. 164, 514 S.W.2d 705 (1974), decided prior to the amendment of § 7-7-103 which provided for the filing of petitions of nomination with the county clerk and the county clerk's sufficiency determination.)[1] This may be significant for purposes of your question in light of the apparent assumption in this instance that the election commission has some authority with respect to the sufficiency determination.
You have not indicated whether the candidate's nomination has been certified to the election commission (see A.C.A. § 7-5-207(a) (Supp. 1997)); but I assume from your questions that it has. In any event, however, I believe it is important to note the limitations on the election commissioners' authority to determine whether the independent candidate's name shall be included on the ballot. The county clerk should determine the sufficiency of the petition (§ 7-7-103(c)(1) (Supp. 1997)), including I believe such matters as voter registration and signature. Challenges to the petition's sufficiency may be made in the same manner as election contests (A.C.A. § 7-5-801 et seq.). See A.C.A. § 7-7-103(d) (Supp. 1997). It thus seems clear under the statutes that the election commission is not involved in the petition review. Case law clearly indicates, moreover, that the board of election commissioners acts in a ministerial capacity and "may not exercise discretion or make findings of fact concerning the eligibility of a candidate." State v.Craighead County Bd. Of Election Comm'rs, 300 Ark. 405, 410,779 S.W.2d 169 (1989). The court in Craighead County stated that "the board does not have the authority to declare a candidate ineligible and remove this name from the ballot when there is a dispute concerning the facts or the law." Id. at 409.
Your questions concerning the validity of petition signatures must therefore be decided in the first instance by the county clerk, and then ultimately by a court of competent jurisdiction. In this particular instance, it appears that there is no question regarding the petition signers' status as registered voters. That is, they were registered at least thirty days prior to the election, and presumably in the manner set forth by Ark. Const. amend. 51. See A.C.A. § 7-5-201(a) (Supp. 1997). Once registered, a voter is not required to register again unless his or her registration is cancelled or subject to cancellation. Ark. Const. amend. 51, § 4 (1987). Thus, the petition signers in question are properly registered in the county and will be able to vote at their new precinct within the county, notwithstanding the fact that their voter registration records have not been updated. See 7-5-305 (Supp. 1997) (regarding identification of qualified voters).
The issue concerning their qualification apparently arises from the fact that their registration records have not been updated to reflect their current addresses within the ward. It must therefore be determined whether this will prevent them from being "qualified electors of [the] Ward. . . ." A.C.A. § 14-42-206(b)(1)(B) (Repl. 1998). See also A.C.A. §7-7-103(c)(1). A "qualified elector" is "a person who holds the qualifications of an elector and who is registered pursuant to Arkansas Constitution, Amendment 51."[2] A.C.A. § 7-1-101(10) (Supp. 1997). What then is meant by the requirement that they be qualified electors "of the Ward?" Although I have found no case directly on point, it is my opinion that this should be construed as requiring residence in the ward at the time of signing the petition. From a registration standpoint, they are viewed as electors of the county. But for petitioning purposes under §§7-7-103 and 14-42-206, they must be residents of the ward. The voter registration records would be evidence of their residency, but would not necessarily be determinative. If the signers are in fact residents of the ward, then it is my opinion that they will not be disqualified simply because their voter registration records have not been updated.[3]
Your second question regarding absentee ballots is as follows:
 If a voter requests an absentee ballot and shows an address other than that on the voter registration files in the County Clerk's office, should that be taken as a request for a change of address and a ballot for the address presented on the absentee ballot mailed or should be the ballot on the file at the County Clerk's office be mailed to the different address?
It is my opinion that this is a question which can only be decided in the first instance by the county clerk, who must, in accordance with A.C.A. § 7-5-409(a) (Supp. 1997), "satisfy himself that the applicant for an absentee ballot is a qualified registered elector in the ward, precinct, or township in which he claims to be a resident. . . ." Clearly, therefore, it is up to the clerk to determine whether the applicant is in fact eligible to vote absentee in the election.
The absentee ballot application form may, it would seem, provide sufficient information for the clerk to determine that the voter's registration should be updated and corrected. See A.C.A. § 7-5-405
(Supp. 1997) (application form) and Ark. Const. amend. 51, § 10 (regarding change of legal residence). Ordinarily, absentee ballots are mailed to the address that appears on the applicant's registration record. See A.C.A. § 7-5-409(c)(1).[4] I do not, however, construe this to prevent the clerk from updating the registration and mailing the ballot accordingly, particularly given the clerk's duty, noted above, to determine the applicant's eligibility. See § 7-5-409, supra. But again, this is a matter to be decided by the clerk based upon the particular available information with respect to the address of the absentee ballot applicant.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Section 7-7-103 formerly required that petitions be filed with the county board of election commissioners. See A.C.A. § 7-7-103(d)(2) (Repl. 1993). The court in Swiderski, supra, thus held that the election commission had the authority to make a prima facie determination of sufficiency.
[2] I have previously opined, based upon the United States and Arkansas Constitutions, that to be eligible to vote in Arkansas, one must be eighteen years of age, a U.S. citizen, eligible and registered pursuant to Amendment 51, not a convicted felon who has not been pardoned or discharged his sentence, and not an idiot or insane person. Op. Att'y Gen. 92-342. As discussed above, it is my opinion that these persons are registered pursuant to Amendment 51.
[3] Similarly, if they are not residents of the ward, I believe their qualification to sign the petition of a ward candidate would be subject to challenge notwithstanding the fact that their registration records reflected an address within the ward.
[4] The application form does, however, provide for the listing of a different address for mailing purposes, apparently based upon the assumption that this is a temporary address. Id.