The Honorable Percy Malone State Senator 518 Clay Street Arkadelphia, Arkansas 71923-6024
Dear Senator Malone:
I am writing in response to your request for an opinion on the legality of a petition filed by an individual seeking the office of "City Clerk" in Caddo Valley, a second-class city. You note that Arkansas statutes14-44-109 and 14-44-115 provide that these will be the offices of City Recorder and City Treasurer, unless those offices are combined by passage of an ordinance by the city council. Your question is whether ". . . this individual [can] file a petition for `City Clerk' in Caddo Valley, a Second Class City, when the elected position sought is actually the [combined] `Recorder-Treasurer' position?"
Let me first expand upon the distinctions between the offices at issue prior to answering your question. In Arkansas, cities of the first class elect a "city clerk." See A.C.A. § 14-43-303(a)(1)(A)(ii) and §14-43-313. Cities of the second-class elect a recorder and a treasurer.See A.C.A. § 14-44-109(a). These offices may be combined in a second-class city into an office called "recorder-treasurer." See A.C.A. §§ 14-44-114 and -115. Incorporated towns elect a "recorder-treasurer," who shall also be, and act as "clerk of the town." See A.C.A. § 14-45-108
and 14-45-107(a). The prospective candidate you mention has filed a petition in a second-class city seeking the office of "City Clerk."
RESPONSE
The focus of your question appears to be whether, once such a petition is filed, it is a legal filing and/or whether the appropriate local officials must accept the petition and place the prospective candidate's name on the ballot. It is my opinion, as an initial matter, that the county clerk and the county board of election commissioners do not have the authority, acting alone, to exclude this candidate's name from the ballot if they can tell from a review of the petition which office the candidate seeks. These officers act ministerially and do not have the authority to make determinations when there is a dispute regarding the facts or the law. If the election commissioners can determine which office the candidate seeks, in order to exclude the candidate's name from the ballot on the basis described, an opponent or someone with legal standing must challenge the filing in court.
Independent candidates for municipal office file petitions in accordance with A.C.A. § 14-42-206 and 7-7-103.[1] Section 14-42-206 (Supp. 2001), sets out the form of the petition and states at subsection (b)(2) that "[t]he county clerk shall determine whether the petition contains a sufficient number of qualified electors." The county clerk's duty appears limited to determining the requisite number of signatures. See also
A.C.A. § 7-7-103(c)(1)(B). Section 7-7-103(d) states that "[t]he sufficiency of any petition filed under the provisions of this section may be challenged in the same manner as is provided by law for election contests, § 7-5-801 et seq." An election contest involves a judicial action in circuit court. A.C.A. § 7-5-801 (Repl. 2000).
Although the election commissioners are not mentioned with regard to determining the sufficiency of the petition, it has been held by the Arkansas Supreme Court, at least under prior law, that the election commissioners "of necessity . . . have the right to determine the prima facie sufficiency of the petition." Carroll v. Schneider, 211 Ark. 538,201 S.W.2d 221 (1947). The court stated that "[f]or instance, they may and should count the number of signers and if it were found that there were less than fifty of these, the petition should be dismissed." Id. at 540. The court also noted, however, that "[t]he duties of the Election Commissioners are ministerial and not judicial. They have the power to determine whether a prima facie showing of a sufficient petition has been made, but they have no other function." Id. at 540. See also Swiderskiv. Goggins, 257 Ark. 164, 514 S.W.2d 705 (1974) (noting the power of the commissioners under prior law, to count signatures on the petition). It has also been stated that: "In fact, the board does not have the authority to declare a candidate ineligible and remove his name from the ballot when there is a dispute concerning the facts or the law." Statev. Craighead County Board of Election Commissioners, 300 Ark. 405, 409,779 S.W.2d 169 (1989). The court also stated that "[t]he board may not exercise discretion or make findings of fact concerning the eligibility of a candidate." Id. at 410.
Of course, the county clerk is now charged by statute with the duty to determine prima facie sufficiency as regards the requisite number of signatures. The practical duty of determining other prima facie elements of the petition, however, falls to the board of election commissioners. In my opinion the question of whether the petition is prima facie sufficient turns upon whether the candidate has sufficiently "mentioned" the office sought in the petition. As stated in Op. Att'y Gen. 94-313:
 Arkansas Code Annotated § 7-7-103 (Repl. 1993), which governs independent candidate filing, [footnote omitted] states in relevant part as follows under subsection (c)(2):
 `Each elector signing the petition shall be a registered voter, and the petition shall be directed to the official with whom the person is required by law to file nomination certificates to qualify as a candidate, requesting that the name of the person be placed on the ballot for election to the office mentioned in the petition.'
 As noted in Attorney General Opinion 90-171 . . . there appear to be no other Arkansas Code provisions governing the petition's designation of the office sought. As stated in that opinion:
 The prospective candidate is requesting nomination to the office mentioned in the petition. The question . . . is whether the prospective candidate has `mentioned' the office he seeks in a manner specific enough to satisfy Arkansas law.
Op. Att'y Gen. 94-313 at 2, quoting Op. Att'y Gen. 90-171.
Opinion 94-313 noted that a "guiding principle" was propounded in Opinion90-171 to determine whether the office has been sufficiently designated in the petition:
 If you can determine from the face of the petition, taking into account each of its parts, and all of the information supplied, which office [the prospective candidate] seeks, and can do so without having to engage in guesswork and speculation to such an extent as to yourself supply the office to which he aspires, then it is my opinion that you may declare the petition prima facie sufficient and accept it for certification.
Op. 94-313 at 3, quoting Op. Att'y Gen. 90-171 at 3.
In Opinion 94-313, an independent candidate in an incorporated town filed a petition designating the office sought as "City Clerk." As noted earlier, incorporated towns elect a "recorder-treasurer" who shall "also be, and act as, clerk of the town." A.C.A. § 14-44-107(a). My predecessor concluded that "it seems clear . . . that the office sought is discernible from the petition" and that "the offices of city clerk and recorder-treasurer are one and the same, as a matter of law, in incorporated towns." The only difference between the facts contained in Opinion 94-313 and the facts you present is that the City of Caddo Valley is a second-class city and not an incorporated town. It is my opinion, nonetheless, that the petition should be found prima facie sufficient by the election commission. Although the position of "recorder-treasurer" in a second-class city, is not statutorily defined as also being the position of "clerk" (as in the case of incorporated towns), in my opinion the potential for confusion on the issue is small. The positions of clerk and/or recorder are referred to interchangeably in numerous sections of the Arkansas Code, acknowledging that the two positions, although differently named according to the classification of city, perform similar functions. See e.g., A.C.A. §§ 3-5-212; 7-9-120; 10-4-205;14-15-203; 14-40-608; 14-40-1201; 14-42-206; 14-47-110; 14-54-302;14-55-205; 14-55-402; 14-90-401; 14-90-601; 14-90-803; 14-90-902;14-94-105; 18-15-603; 19-8-106; 21-8-602; 21-8-606; 21-8-703; 24-1-206;24-4-303; 24-11-207; 24-11-801; 26-75-204; 26-78-113 and 27-50-405. In fact, in a number of Arkansas statutes, the word "clerk" is defined as including the clerk or recorder. See e.g., A.C.A. §§ 8-5-603; 14-72-603;14-94-103; 14-142-203; 14-164-303; 14-164-402; 14-202-102; 14-203-102;14-217-103 and 14-233-102.
In my opinion, therefore, the office sought by the prospective candidate is discernible by the election commissioners. As in Opinion 94-313, the prospective candidate has "mentioned" the office sought in a sufficient manner to comply with the filing requirement. This is particularly true in my opinion, in light of the Arkansas Supreme Court's "reluctan[ce]" over the years to allow a board of election commissioners to remove a candidate's name from a ballot. See State v. Craighead County Board ofElection Commissioners, supra at 409. Any challenge to the petition must therefore be filed with the judicial branch.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] I assume from your reference to a petition that the prospective candidate is filing as an independent.