HAILEY *v.* CARTER.

Series 5-4                                                  251 S. W. 2d 826

Opinion delivered October 20, 1952.

*H. G. Leathers,* for appellant.

*Festus O. Butt,* for appellee.

Ed. F. McFaddin, Justice. This appeal concerns the legal sufficiency of an attempted initiated county measure.

Appellants Hailey, *et al.,* filed in the County Clerk's office on August 15, 1952, a petition for a proposed initiated act to be submitted to the electors of all of Carroll County at the General Election in November,. 1952. The nature and purpose of this proposed act will be subsequently discussed. On August 20, 1952, the County Clerk approved the sufficiency of the appellants' petition and notified the election commissioners to place the question on the ballot. Thereafter, on September 2, 1952, appellees filed suit in the Carroll Chancery Court (Eastern District) to review the action of the County Clerk and to prohibit the proposed initiated measure from being placed on the ballot. Appellants appeared in the Chancery Court and demurred to the petition. On September 22, 1952, the Chancery Court granted the appellees' petition and declared void all actions of the County Clerk in regard to the initiated petition. From that decree appellants bring this appeal; and because the time element makes a decision urgent, we have advanced the case and both sides have cooperated for an early decision on the two questions here argued.

I. *Sufficiency of Notice in the Lower Court.* Appellants claim that they did not have sufficient notice of the hearing in the lower court; but we reject that contention. Notice of the hearing of September 9th was served on the County Clerk on September 2nd, and he immediately notified the appellants of the hearing. They appeared in the Chancery Court on September 9th and filed a demurrer; and the Court then gave them until

September 22nd to present the case. Under these facts, we hold that all questions have been waived as to the sufficiency of the notice.

II. *Sufficiency of the Initiated Petition.* By Act No. 74 of 1883, the Legislature of Arkansas divided Carroll County into two judicial districts called the Eastern District and the Western District, and the Act made the provisions usually found in such acts as to holding of court, keeping of records, etc. etc. The desire of the appellants is to repeal this Act and have only one county seat in Carroll County. The petition which they filed with the County Clerk—omitting only signatures and verification—was as follows:

"INITIATED ACT No. 1 OF CARROLL COUNTY
TO BE VOTED UPON AT THE GENERAL ELECTION

NOVEMBER 4, 1952

BALLOT TITLE

"An Act to Consolidate the Two Judicial Districts of Carroll County, Arkansas, by Abolishment of the Western District Thereof and by Transferring All County Business and Affairs Now Authorized and Conducted and Carried on at Eureka Springs in Said Western District to the County Seat at Berryville.

"Proposed Initiated Act No. 1 (Initiated by Petition of the People)

"For Repeal of Original Act Establishing the Court—Act 74 of 1883 Legislature

"A General County Act

For Initiated Act No. 1:

Against Initiated Act No. 1:

"An Act to abolish the Western District of Carroll County and remove all records thereof from Eureka Springs to Berryville, the County Seat.

"And by this, our petition, we order that the same be submitted to the people of said Carroll County to the

end that the same may be adopted or rejected by a vote of the legal voters of said county at the regular general election to be held in said county on the 4th day of November, 1952; and each of us for himself says: I have personally signed this petition; I am a legal voter of said Carroll County, Arkansas, and my residence, post office address and voting precinct are correctly written after my name."

We emphasize that this was the entire petition, as well as the entire proposed initiated act. It will be observed that there was no enacting clause anywhere in this petition, and this is not only the petition but is also the proposed law.

Section 5[1] of Amendment No. 7 to the Arkansas Constitution makes a county a legislative unit as to initiative powers, and provides:

"General laws shall be enacted providing for the exercise of the initiative and referendum as to counties." Under that constitutional mandate, the Legislature enacted Act No. 4 of 1935, as now found in § 2-301, *et seq.* Ark. Stats.; and that Act provides, in § 2-311 Ark. Stats., for the chancery review here involved, so the Chancery Court had the authority to review the action of the County Clerk in sustaining the sufficiency of the petition.

Was the petition legally sufficient? We must answer that question in the negative just as the Chancery Court so answered, and for the same reason as given by the Chancery Court.

Section 21 of said Constitution Amendment No. 7, says:

"Enacting Clause—The style of all the bills initiated and submitted under the provisions of this section shall be, 'Be It Enacted by the People of the State of Arkansas' (municipality, or county as the case may be.) . . ." This constitutional requirement, that the measure sought

---

[1] In the dissenting opinion to *Dixon* v. *Hall*, 210 Ark. 891, 198 S. W. 2d 1002, there was an identifying of the paragraphs of Amendment No. 7 by assigning section numbers to such paragraphs. We use in the present opinion the said section numbers.

to be initiated shall have an enacting clause, is mandatory. There is absolutely no enacting clause in the measure here involved; and therefore, the petition is not legally sufficient. The absence of the enacting clause [2] is a fatal defect; and the decree of the Chancery Court so holding is in all things affirmed.

III. *Reserved Questions.* We think it not amiss to mention two matters:

(1) That by this opinion we are not holding that a county initiated act can repeal an act of the Legislature fixing places for holding court in the affected county.

(2) That by this opinion we are not holding that a county initiated act such as was here attempted is the proper procedure in a case like this one. It may be that the county courthouse removal statute (as contained in §§ 17-201 *et seq.*, Ark. Stats.) prescribes the applicable procedure. These two points are not argued in the case at bar. If either had been, it might have presented a serious question.

Affirmed.

Justices HOLT, WARD and ROBINSON concur.

HOLT, J., concurring. I concur in the result.

I think, however, that part: "III. Reserved Questions, . . . (1) and (2)," should be omitted from the opinion for the reason that it tends to becloud possible issues that were not presented or argued here. The language used, "These two points are not argued in the case at bar. If either had been, it might have presented a serious question," obviously suggests much doubt as to the right of the people of Carroll County (or any other county) to proceed under an initiated act that is in proper form or that meets all requirements. If the imaginary issues are so serious, then certainly in justice and fairness the people of Carroll County are entitled to have this court decide those issues now, in view of probable efforts of the electors of that county to consolidate the two county seats by an initiated act as they have attempted to do here.

---

[2] A bill passed by the Legislature is void if there is no enacting clause. See *Palmer* v. *State*, 137 Ark. 160, 208 S. W. 436.