RICH *v.* WALKER.

5-3166 374 S. W. 2d 476

Opinion delivered January 27, 1964.

*Lewis D. Jones,* for appellant.

*Lewis E. Epley, Jr., Rex W. Perkins, Townsend & Townsend,* for appellee.

SAM ROBINSON, Associate Justice. The City of Eureka Springs, by Resolution No. 58, authorized the issuance of $85,000 in revenue bonds to finance the improvement of the water and sewer systems. Appellants herein circulated and filed a petition asking that a referendum election be held on the question. The City Com-

mission refused to call an election, contending that the petition had not been legally circulated. Appellants then filed an action in chancery court asking that the City Commission be compelled to call the election. The court granted the petition and ordered that an election be held.

Pursuant to the order of the chancery court, the City Commission held the election. There were 446 votes in favor of Resolution No. 58, and 310 votes against it. Appellants then filed a petition in chancery court attacking the validity of the election. The city, appellee herein, demurred to the petition on the ground that the chancery court did not have jurisdiction of the subject matter. The chancellor sustained the demurrer and gave petitioners 15 days to plead further; petitioners failed to file any additional plea; appellees then filed a motion to dismiss the petition. The motion was granted, the petition was dismissed, and petitioners have appealed to this court.

The real issue in this case is whether the action filed by appellants is a suit to prevent an illegal exaction, or is it an election contest. Chancery courts have jurisdiction to enjoin an illegal exaction, even though such exaction is brought about by an election. *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S. W. 2d 26; *Ark-Mo. Power Corp.* v. *City of Rector,* 214 Ark. 649, 217 S. W. 2d 335. See also *Starnes* v. *Sadler,* 237 Ark. 325, 372 S. W. 2d 585, on the power of chancery courts to enjoin an illegal exaction.

Amendment No. 7 to the Constitution of Arkansas, regarding local petitions such as the one in the case at bar, gives the chancery court jurisdiction only to review the action of the county or city clerk in determining the sufficiency of the petitions. But chancery courts do not have jurisdiction to decide an election contest. *Hutto* v. *Rogers,* 191 Ark. 787, 88 S. W. 2d 68; *Hester* v. *Bourland,* 80 Ark. 145, 95 S. W. 992; *Gladish* v. *Lovewell,* 95 Ark. 618, 130 S. W. 579; *Davis* v. *Wilson,* 183 Ark. 271, 35 S. W. 2d 1020.

This is an election contest. True, appellants contend that there was an insufficient ballot title, and an insufficient ballot title was held to render the election void in the Arkansas-Missouri Power Corp. case. But here, the ballot title was made a part of the petition and it shows on its face that the title was sufficient; that it fully informed the voters of the issue involved. Hence, the Arkansas-Missouri Power Corp. case is not applicable. The ballot title in the case at bar is as follows: "Resolution No. 58 authorizes the refunding of the outstanding balance of the City's water and sewer revenue bonds issued under date of January 1, 1954, in order to enable the City to issue parity bonds for the purpose of improving and extending the water and sewer systems and to increase the service mains of both systems, at an estimated cost to the City of $85,000, which will make the City eligible for a grant of a like amount from the Federal Public Works Acceleration Administration."

Appellants also argue that the election judges were improperly selected, but no facts are alleged which, if true, would sustain such allegation. A demurrer admits as true only those allegations that are well pleaded. *United Interchange, Inc.* v. *Rowe,* 230 Ark. 905, 327 S. W. 2d 547; *Jeffery, County Judge* v. *Trevathan,* 215 Ark. 311, 220 S. W. 2d 412.

Moreover, appellants made no contention prior to the election that the ballot title was insufficient or that the election judges had been illegally selected. The complaint also alleges that people, not naming such people, were allowed to vote who were not qualified electors; that the ballots were miscounted, but did not state in what manner they were miscounted; and that the defendants intimidated the voting public and misrepresented the facts to the people of the city, and deliberately destroyed the integrity of the ballots and the election. These allegations are in the nature of an election contest, although not specific enough to amount to more than conclusions of law. Other allegations, such as the defendants "did other things to destroy the integrity of the ballot" are also merely conclusions of law and

are not good against a demurrer. *City of Marianna* v. *Gray*, 220 Ark. 468, 248 S. W. 2d 379; *Seubold* v. *Ft. Smith Special School District*, 218 Ark. 560, 237 S. W. 2d 884; *Main* v. *Drainage District No. 2 of Monroe County*, 204 Ark. 506, 162 S. W. 2d 901.

In *Orr* v. *Carpenter*, 222 Ark. 716, 262 S. W. 2d 280, this court reaffirmed the following principle stated in *Henderson* v. *Gladish*, 198 Ark. 217, 128 S. W. 2d 257. There the court said: " 'It is the duty of the courts to uphold the law by sustaining elections thereunder that have resulted in full and fair expression of the public will, and, from the current of authority, the following may be stated as the approved rule: All provisions of the election law are mandatory, if enforcement is sought before election in a direct proceeding for that purpose; but after election all should be held directory only, in support of the result, unless of a character to affect an obstruction of the free and intelligent casting of the vote or to the ascertainment of the result, or unless the provision affects an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of the election, or that its omission shall render it void.' "

Appellants also contend that if the allegations of the complaint amount to an election contest and state a cause of action at law, the cause should have been transferred to circuit court on authority of Ark. Stat. Anno. § 22-405 (Repl. 1962). It is true that ordinarily when the chancery court sustains a demurrer to the jurisdiction of the court the cause should be transferred to circuit court if the complaint states an action at law. But here, the chancery court, upon sustaining the demurrer, gave the appellants 15 days to plead further; no additional plea was filed, nor did appellants move for a transfer to the circuit court; and further, a demurrer would have been good in circuit court on account of the allegations of the complaint being merely conclusions of law.

Affirmed.