Alice MERTZ *v.* Michael STATES, et al.

94-1082                                        885 S.W.2d 853

Supreme Court of Arkansas
Opinion delivered October 28, 1994

*Mackey & Wills, P.A.,* by: *Frank J. Wills,* for appellant.

*Robert D. Ridgeway, Jr.,* for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Alice Mertz, requests that we reverse the Garland County Circuit Court's order striking from the November 1994 general election ballot in Hot Springs, Garland County, Arkansas, a proposed ordinance reducing the percentage rate of the tax collected on prepared food sold in the City of Hot Springs. We decline to do so and hold that the initiative petition fails to comply with Amendment 7 of the Arkansas Constitution and is therefore fatally defective.

The ordinance in question was initiated pursuant to Amendment 7 to the Arkansas Constitution and submitted by Ms. Mertz to the Hot Springs City Clerk on August 31, 1994. The city clerk certified the petition on September 20, 1994, for placement on the November 1994 general election ballot. Immediately after the petition was certified by the Hot Springs City Clerk, a complaint was filed by appellees Michael States and Clay Farrar, Jr., challenging the sufficiency of the petition. They sought an order of mandamus from the Garland County Circuit Court to prevent the Clerk from certifying the initiative petition to the Garland County Election Commissioners for inclusion on the ballot.

The challenge to the sufficiency of the proposed ordinance was based on five grounds:

(1) the initiative petition did not contain an enacting clause;

(2) the initiative petition did not contain a text of the proposed ordinance as required by Amendment 7;

(3) the exact title to be placed on the ballot was not submitted to the Garland County Board of Election Commissioners at the same time the petition was submitted to the City Clerk for verification;

(4) the initiative petition was in substance a referendum petition, the time for filing of which had passed; and

(5) if approved, the ordinance would impair certain municipal bonds, contrary to the general laws of Arkansas.

The trial court, in granting the mandamus, made various

findings and ultimately granted relief to the complaining parties because the petition that established the proposed ordinance failed to contain an "Enacting Clause" as required by Amendment 7.

On appeal, Ms. Mertz raises two points for reversal:

(1) given the trial court's specific finding that the language of the petition was sufficient to inform potential voters that the petition was initiated by the people, the trial court erroneously concluded that the petition failed to satisfy Amendment 7's enacting clause requirement;

(2) the circuit court lacked subject-matter jurisdiction to determine the sufficiency of the petition in question.

On cross-appeal, the appellees, Messrs. States and Farrar, take issue with the trial court's ruling that the initiative petition did not conflict with general law and that it complied with the terms of Amendment 7 to the Arkansas Constitution pertaining to the filing of an exact title at the same time as the filing of the petition.

We hold that the Garland County Circuit Court had subject-matter jurisdiction and that its finding that the petition failed to satisfy Amendment 7's Enacting Clause requirement was correct; for these reasons, the ordinance was properly ordered by the trial court to be removed from the ballot. This being the case, the issues raised by the appellees on cross-appeal are rendered moot.

Ms. Mertz claims that the Garland County Circuit Court lacks subject-matter jurisdiction, and that, by constitutional authority, only chancery courts have jurisdiction to determine the sufficiency of an initiated local ordinance. Although the court's jurisdiction to decide an Enacting Clause issue was not raised below, subject-matter jurisdiction is a question this court may address at any time. *Skelton* v. *City of Atkins*, 317 Ark. 28, 875 S.W.2d 504 (1994). Indeed, it is not only our right but our duty to determine whether there is jurisdiction of the subject matter. *Id.; Hilburn* v. *First State Bank*, 259 Ark. 569, 535 S.W.2d 810 (1976).

Regarding the jurisdictional question, Amendment 7 provides, in relevant part, that "[t]he sufficiency of all local petitions shall be decided in the first instance by the county clerk or

the city clerk, as the case may be, subject to review by the Chancery Court." In the present case, however, the circuit court is not being called upon to determine the sufficiency of the local petition, but, rather, to decide as a matter of law whether or not Amendment 7 requires an Enacting Clause in a specific instance.

In *Moorman* v. *Lynch*, 310 Ark. 525, 528, 837 S.W.2d 886, 888 (1992), we discussed the language from Amendment 7 quoted in the immediately preceding paragraph and concluded that:

> This provision gives the chancery court "jurisdiction only to review the action of the county or city clerk in determining the sufficiency of the petitions." *Rick* v. *Walker*, 237 Ark. 586, 587, 374 S.W.2d 476, 478 (1964). The city clerk reviews the sufficiency of the petitions, *but does not have the authority to determine the legal validity of a proposal. The jurisdiction of a suit to question the validity of a proposed measure is in circuit court. Catlett* v. *Republican Party*, 242 Ark. 283, 413 S.W.2d 651 (1967).

(Emphasis added.) Here, quite clearly, the legal validity of the initiative petition is at issue rather than a formal element of sufficiency, such as, for example, the signatures on the petition. *See Hargis* v. *Hall*, 196 Ark. 878, 120 S.W.2d 335 (1938).

Although Ms. Mertz cites *Hailey* v. *Carter*, 221 Ark. 20, 251 S.W.2d 826 (1952), in support of her position that the existence of an Enacting Clause is a sufficiency-of-the-petition issue, we do not agree that its holding carries such an implication. It is true that the *Hailey* case originated in chancery court and that this court affirmed the chancellor's finding of insufficiency on the basis of the absence of an Enacting Clause from a petition and proposed measure.

Nevertheless, when *Hailey* is read in the light of our more recent decisions in *U.S. Term Limits, Inc.* v. *Hill*, 316 Ark. 251, 872 S.W.2d 349 (1994), where we held that a circuit court had jurisdiction to entertain a declaratory judgment action raising the Enacting Clause issue, and *Moorman* v. *Lynch, supra*, it is obvious that our holding in the older opinion must be regarded as modified to the extent that it treats the omission of an Enacting Clause as a sufficiency issue.

Regardless of the terms in which either the complaint or this appeal is couched, the question before us is not whether the sufficiency of the petition is to be resolved in chancery court, but whether, as a matter of law, a petition must contain an Enacting Clause as prescribed by Amendment 7. The answer can be found in the express language of the Amendment itself:

> Enacting Clause — The style of all the bills initiated and submitted under the provisions of this section *shall be, "Be it Enacted* by the People of the State of Arkansas" (municipality, or county as the case may be). . . .

Ark. Const. Amend. 7. (Emphasis added.)

Amendment 7 further specifically provides, under the heading "Self-executing," that:

> This section shall be self-executing, and all its provisions shall be treated as mandatory. . . .

We have recognized time after time that the provisions of election laws are mandatory if enforcement is sought before an election, as here. *See,* for example, *Ashcraft* v. *Cox,* 310 Ark. 703, 833 S.W.2d 219 (1992); *Don* v. *McCuen,* 303 Ark. 415, 797 S.W.2d 455 (1990); *Stilinger* v. *Rector,* 253 Ark. 982, 490 S.W.2d 109 (1973).

Ms. Mertz admits that the petition did not contain the constitutionally mandated language but takes the position that the language of the petition, proposed by petition of the people, is in substantial compliance with Amendment 7 and, moreover, that because a circuit judge specifically found that the language of the petition was sufficient to inform potential voters of the source of the legislative authority being exercised, the court was in error in ruling the petition off the ballot.

Our constitution in its present form does not afford leeway for innovative case interpretations of substantial compliance. Its language is clear that the provision shall be treated as mandatory. Simply put, that all bills initiated must be submitted in the following language set forth in Amendment 7: "'Be it enacted by the people of the State of Arkansas' (municipality, or county as the case may be)."

Thus our constitution speaks, and thus our law requires.

Affirmed on appeal; cross-appeal moot.

GLAZE, J., concurs.

DUDLEY, J., dissents.

TOM GLAZE, Justice, concurring. I concur. The circuit court unquestionably has jurisdiction to determine the legal validity of the initiative ordinance at issue in this case. *See Catlett* v. *Republican Party*, 242 Ark. 283, 413 S.W.2d 651 (1967). The initiative ordinance here clearly conflicts with statutory law and should be declared invalid and stricken from the ballot for that reason alone.

Under Ark. Code Ann. § 26-75-613(a)(2) (Repl. 1993), any municipality by ordinance can levy a hotel and restaurant tax and pledge all or any part of the revenues to the payment on bonds authorized under that provision. The bond-authorizing ordinance must specify the nature, extent of the pledge, terms, conditions and covenants, including a covenant that *the hotel and restaurant tax will be collected so long as the bonds are outstanding.* § 26-75-613(a)(2) and (b)(2).

On September 8, 1987, the City of Hot Springs passed Ordinance 3914, calling for an election for the purpose of refunding certain outstanding bonds to be secured by a portion of the City's hotel and restaurant tax. On January 4, 1988, the City's board of directors adopted Ordinance 3942 authorizing the refunding of bonds provided for under Ordinance 3914. Ordinance 3942 further provided, "The bonds shall mature over the period from 1989 through 1997."[1]

On May 1, 1989, the City adopted Ordinance 4002 to reaffirm the City's hotel and restaurant tax (3% "hamburger tax") which was being used to pay off existing bonds. It is this ordinance that the proposed initiative ordinance is intended to amend, *reducing the tax by one-half* (3% to 1-1/2%).

From the record before us, we know certain bonds were duly

---

[1]The city board also passed Ordinance 3943 to refund other bonds previously issued under Ordinance 3914.

authorized by City Ordinance 3942 and those bonds will not mature until 1997. In addition, *Ordinance 3942* (and subsequent amending ordinances) *pledged two-thirds of the tax* (2% of the 3% tax) *for the payment of bonds.* As provided in § 26-75-613(b)(3)(A), the authorizing ordinance (3942) is a contract between the municipality and bondholders and must be performed in strict compliance with the covenants. The initiative ordinance conflicts with and breaches that city-bondholder contract entered into on January 4, 1988, and cannot be upheld.

Because the proposed initiative ordinance is invalid, I would uphold the circuit court's decision to omit the proposed ordinance question from the 1994 General Election ballot.

ROBERT H. DUDLEY, Justice, dissenting. I dissent from both the procedural and the substantive holdings in this case.

I.

PROCEDURAL HOLDING

Appellant Alice Mertz circulated an initiated petition to halve the three percent (3%) "hamburger tax" that had been imposed under an earlier ordinance of the City of Hot Springs. The city clerk certified to the Garland County Board of Election Commissioners that the petitions were sufficient to place the issue on the November 8, 1994, general election ballot. Appellees, States and Farrar, filed suit in the Garland County Circuit Court and alleged the initiated petition was defective because: (1) it did not contain an enacting clause; (2) a ballot title was not submitted with the petitions; (3) the petitions did not contain the text of the proposal; (4) the petition was a referendum, not an initiated measure, and time had passed for referral; and (5) if passed, the ordinance would impair some of the City's bonds.

On September 29, 1994, the circuit court entered its order finding that the petitions were for an initiated measure, but that they did not contain an enacting clause as required by Amendment 7. The court decreed that the initiated proposal should be prohibited from appearing on the ballot.

On October 4, appellant Mertz filed a notice of appeal, and appellees filed a notice of cross-appeal. On October 10, appellant Mertz filed a motion in this court asking for an expedited

briefing schedule and expedited consideration of the appeal. On October 12, this court issued a per curiam order noting that there were only twenty-six days before the general election and that the election commissioners had to deliver absentee ballots to the county clerk "not less than twenty-five days before any election" and stating that we would hear oral argument on October 17 "to consider whether any appropriate action might be taken." The per curiam further noted that if "no appropriate action can be taken on an expedited basis, we will consider the appeal in due course and will answer any questions that we think should be answered."

At trial, the chairman of the Garland County Election Commission testified that "the last date upon which the printer can physically get the ballot printed with the proposed ordinance if it is to be included would have to be prior to October 14, 1994 at 4:30 p.m."

There are two general classes of ballot title cases. One is where the petitioner seeks to remove a proposal from the ballot. Obviously, a decision could be handed down as late as election day ordering that the votes on an issue not be certified. A recent case of this class is *Page* v. *McCuen*, No. 94-922 (Ark. October 20, 1994). Further, this class of cases is specifically addressed in Amendment 7, as it provides:

> If the sufficiency of any petition is challenged such cause shall be a preference cause and shall be tried at once, but the failure of the courts to decide prior to the election as to the sufficiency of any such petition *shall not prevent the question from being placed upon the ballot* at the election named in such petition, nor militate against the validity of such measure, if it shall have been approved by a vote of the people.

Ark. Const. amend. 7 (emphasis added).

The other general class of ballot title cases is where a proposal was not placed on the ballot, or ordered stricken from the ballot, for any of a number of reasons, and the petitioner seeks to add the proposal to the ballot. Obviously, this class must be decided in time to prepare the ballots with the proposal included.

Applications can be made for absentee ballots starting sixty days before the election, or September 8 for the 1994 general election. Ark. Code Ann. § 7-5-405 (Repl. 1993). The county clerk can begin mailing absentee ballots to qualified applicants twenty-five days before the election. Ark. Code Ann. § 7-5-407. Fifteen days before the general election, or Monday, October 24, 1994, voters could begin voting under the new "no-excuse early voting law." Ark. Code Ann. §§ 7-5-402(3) & 411(a)(1) (Repl. 1993). Thus, balloting has already commenced for both absentee voters and the "early" voters for the November 1994 general election.

This opinion is being handed down on October 28, 1994. It is too late to place the proposal on the ballot for the November 1994 general election. Absentee voters and early voters have already voted, as they were entitled to do under the election laws. There has been no showing in this case that those who have already voted can be contacted and supplied with substituted ballots before the date of the general election. Common sense would dictate that they cannot be notified and supplied with a substituted ballot. There has been no showing that voting machines can be programmed at this late date to provide for the initiated proposal at the November 8 election. Thus, if this court's decision should be to order the proposal added to the ballot, the order could not be followed, and if there were an attempt to comply with it, some, if not many, of those who have already voted would be unlawfully disenfranchised on this initiated proposal.

Since relief cannot be afforded in time for the general election, there is no reason to continue the expedited consideration of the case. It should be given full deliberative time. When a case comes to us under our regular schedule we have eleven days to read and study the briefs before the case is submitted. We then have adequate time to write our opinions. When there is an expedited schedule we have only a very short amount of time to read and consider the issue. In one recent case we had a period of only five days from the time the briefs were submitted until the opinion was handed down. We discussed these concerns in *Page v. McCuen*, No. 94-922 (Ark. October 20, 1994). Compounding the problem, expedited appeals are added to our regular number of cases. We currently take ten cases under submission each week. This week we took our regular number of cases and added two

expedited appeals. Since we cannot timely afford relief to the petitioner even if she should prevail, we should take this case off the expedited list, place it on the regular docket, and give it full consideration in due course, the same as any other regular case. If there are questions that can then be answered, they would be answered long before the next election. That is all we can do.

The majority opinion in this case aptly demonstrates that we should not consider this case on an expedited basis, but rather should give it deliberate consideration.

## II.

### SUBSTANTIVE HOLDING

The majority opinion holds that a circuit court has subject matter jurisdiction of this case. Because of complex constitutional provisions regarding subject matter jurisdiction of state courts, this is an involved area of our law.

The complaint asked that the initiated proposal be prohibited from being on the ballot because the petitions were not sufficient as: (1) they did not contain an enacting clause; (2) a ballot title was not submitted with the petitions; (3) the initiative did not contain the text of the proposal; (4) the petitions were not timely submitted; and (5) if passed, the ordinance would impair some of the City's bonds.

The Initiative and Referendum Amendment, Amendment 7, clearly provides:

> The sufficiency of all local petitions shall be decided in the first instance by the county clerk or the city clerk, as the case may be, subject to review by the *Chancery Court*.

Ark. Const. amend. 7 (emphasis added).

We have interpreted the plain wording of the Amendment to mean just what it says: chancery court has jurisdiction to review the action of the city clerk in determining the sufficiency of petitions submitted under this amendment. *Rich* v. *Walker*, 237 Ark. 586, 374 S.W.2d 476 (1964).

The city clerk determined the petitions at issue were suffi-

cient. Appellees' petition challenged that determination in circuit court. Appellees alleged in the first four counts that the petitions were insufficient in that they: (1) did not contain an enacting clause; (2) did not contain a ballot title; (3) did not contain the text of the proposal; and (4) were untimely. It seems beyond question that subject matter jurisdiction of these four counts was in chancery court and not in circuit court where the case was tried. Subject matter jurisdiction of these counts is expressly set out in the constitution.

In addition, however, the complaint alleged that the initiated proposal, if passed, would impair some of the City's bonds in contravention of state law. This fifth count was one stating that the initiated proposal was illegal regardless of whether the petition was sufficient or insufficient.

Circuit court has subject matter jurisdiction to determine whether an initiated proposal is in conformity with statutory or constitutional law or is illegal, when that decision is made without regard to the sufficiency of the petitions. *See Catlett* v. *Republican Party*, 242 Ark. 283, 413 S.W.2d 651 (1967). "The sufficiency of all local petitions shall be decided in the first instance by . . . the city clerk, . . . subject to review by the Chancery Court." *Moorman* v. *Lynch*, 310 Ark. 525, 528, 837 S.W.2d 886, 888 (1992) (quoting Ark. Const. amend. 7). However, "[t]he jurisdiction of a suit to question the validity of a proposed measure is in circuit court." *Id.*, 887 S.W.2d at 888. Similarly, a circuit court has jurisdiction to determine an election contest involving an initiated proposal, *Rich*, 237 Ark. 586, 374 S.W.2d 476, and a circuit court has jurisdiction to determine whether an initiated proposal, after adoption, is valid. *U.S. Term Limits, Inc.* v. *Hill*, 316 Ark. 251, 872 S.W.2d 349 (1994).

Here, the fifth count of the complaint was that, even if the petitions were sufficient and even if the proposal were passed, the initiated ordinance would be invalid because it would impair some of the City's bonds in violation of state law. If there were nothing more than this one allegation, subject matter jurisdiction would be in circuit court.

In summary, subject matter jurisdiction of the first four counts is in chancery court under the express language of Amend-

ment 7, and subject matter jurisdiction of the fifth count is in circuit court under Article 7, section 11. The clean-up doctrine applies to chancery court. *Bierbaum* v. *City of Hamburg*, 262 Ark. 532, 559 S.W.2d 20 (1977); *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986). Therefore, subject matter jurisdiction of this case was in chancery court, not in circuit court, and, as a result, this appeal should be dismissed.

## III.

## CONCLUSION

This case involves a complex area of the law. It involves the constitution of 1874 and Amendment 7 to that constitution, which was adopted in 1920, but declared by the Speaker of the House to have been defeated, and then in *Brickhouse* v. *Hill*, 167 Ark. 513, 268 S.W.2d 865 (1925), declared to have been adopted. It involves subject matter jurisdiction of circuit court and chancery court. Both the bench and the bar would appreciate a clear and carefully thought out precedent for future cases involving this area of the law. We should take this case off the expedited tract and take sufficient time to give it full and careful consideration.

I truly appreciate the diligence and efforts my colleagues have given in reaching an accelerated holding for the litigants, but I do not agree that it is appropriate or wise to rush to judgment in this case. No matter what the holding, the proposal cannot be put on the ballot in time for the general election. As a result, I would change the status of this case to the regular docket and give it full consideration. However, because the majority chooses to reach the merits of the case on an accelerated basis, I must also do so. A rushed review of the law leads me to the conclusion that the circuit court did not have subject matter jurisdiction, and, consequently, the appeal should be dismissed. As a result, I dissent.