Mr. Kerry M. Hicks, Chairman Campaign for Comprehensive Legal Reform 9 Hughes Road Oden, Arkansas 71961
Dear Mr. Hicks:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated act. Your popular name and ballot title are as follows:
 Popular Name THE SEVERANCE TAX AND EXPENDATURE [SIC] REFORM ACT OF 2008 Ballot Title AN ACT TO INCREASE THE SEVERANCE TAX ON NATURAL GAS AND TO MANDATE CERTAIN EXPENDATURES [SIC] OF THE PROCEEDS OF THE SAID TAX
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view *Page 2 of the merits of the proposal. This office has been given no authorityto consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669
(2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); andPlugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, of whether the proposed popular name and ballot title honestly, intelligibly, and fairly summarize the provisions of your proposed measure. See generally ArkansasWomen's Political Caucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846
(1984).
Having analyzed your proposed act, as well as your proposed popular name and ballot title under these guidelines, it is my conclusion that I must reject your proposed popular name and ballot title.
As an initial matter, I must note that the text of your initiated act does not contain a required enacting clause. Arkansas Constitution Amendment 7 (now codified at Article. 5, Section 1), provides that: "The style of all bills initiated and submitted under the provisions of this section shall be `Be It Enacted by the People of the State of Arkansas (municipality, or county, as the case may be).'" Id. (under "The Petition"). As stated in Mertz v. States, 318 Ark. 390, 394-95,885 S.W.2d 853 (1994), "[s]imply put . . . all bills initiated must be submitted in the following language set forth in Amendment 7: "`Be it enacted by the people of the State of Arkansas' (municipality, or county as the case may be). Thus our constitution speaks, and thus our law requires." See also United States Term Limits, Inc. v. Hill, 316 Ark. 251,872 S.W.2d 349 (1994) (recognizing that an enacting clause is required for "bills" initiated by the people, but not for constitutional amendments so initiated). *Page 3 
The Arkansas Constitution thus clearly requires the inclusion of an enacting clause in your proposed initiated act. I note that your submission to this office is not in its final "petition" format, and that it may be your intention to add an enacting clause when the language of your proposed initiated act is incorporated into a formal petition. The language of the constitution requires, however, that the enacting clause be included in the "style of [the] bill." Your submitted text is presumably the entire language of your proposed "bill." Because this language does not include an enacting clause and an act initiated without such a clause would be subject to challenge, voters may be misled as to the effectiveness of the measure. I therefore find it necessary to point out the potential omission.
With regard to the proposed popular name — "The Severance Tax and Expendature [sic] Reform Act of 2008" — it is my opinion that the term "reform" gives partisan coloring to the proposal and would be a clear basis for the court to reject your proposed name.[1] The court has stated that while the popular name need not contain detailed information or include exceptions that might be required of a ballot title, it must not be misleading or give partisan coloring to the merit of a proposal.Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741(1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207(1958). The term "reform" is clearly partisan, in my opinion.
I cannot, however, at this time, substitute a more suitable popular name due to deficiencies in the ballot title. With regard to the ballot title, it is my opinion that the title you have submitted fails to adequately summarize your proposed amendment to the voter in an impartial manner. According to our court, the ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416,417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan *Page 4 
coloring. Id. Additionally, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v.Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
The ballot title you have submitted fails, in my opinion, to meet these guidelines. It does not sufficiently convey the substance of your proposed act to the electorate. It is my conclusion that the ballot title must be redesigned to include essential facts beyond the summary statement that the act would "increase the severance tax on natural gas" and "mandate certain expendatures [sic]." This language is wholly deficient in its failure to fairly or completely summarize the effect of your proposed act, particularly with respect to changes in current law, including but not limited to distribution of the proceeds.
I am unable, moreover, to substitute and certify a more suitable and correct ballot title due to several ambiguities in the text of the measure. I refer to the following:
 • Your proposed act states under subsection (a):
 In place of the tax levied by ACA 26-58-107, there is hereby levied a tax on natural gas in the amount of 7% of the market value at the time and point of severance.
 It is unclear precisely what is intended by levying a tax "in the place of" the severance tax under A.C.A. § 26-58-107. This section of the Arkansas Code levies a "severance tax" as follows: *Page 5 
 There is levied, and there shall be collected from each producer of natural resources[2] and each producer of timber in the State of Arkansas, a privilege or license tax to be known as "severance tax."
 A.C.A. § 26-58-107(a) (Repl. 1997).
 The phrase "in the place of" under your proposed act might suggest that the severance tax under § 26-58-107
is repealed by your proposed measure. A severance tax is levied pursuant to this Code section on numerous resources other than natural gas, see A.C.A. § 26-58-101(2), supra at n. 2 (defining "natural resources"), as well as timber. It is not entirely clear, however, whether you intend for the current tax to stay on the books. I note that the proposed act contains no express repealer. It may well be that you do not intend to do away with the severance tax on these other resources, but instead intend only to change the rate of the severance tax on natural gas. This is unclear, however, from the wording of your measure. I note in this regard that the rate of the severance tax on natural gas is set by A.C.A. § 26-58-111
(Repl. 1997), which sets the current rate at three-tenths of one cent per one thousand cubic feet. Id. at (5).
 Because I am uncertain regarding the precise intent of this provision for levying a tax on natural gas "in the place of the tax levied by ACA 26-58-107," I cannot summarize it for inclusion in a ballot title without clarification. This is an important point for the voting public, and consequently it should be made clear to the voter in the ballot title for the measure. *Page 6 
 • The proposed act also states under subsection (a) that "[t]he tax shall be collected in the same manner as the present severance tax on natural gas." This provision is ambiguous in that it could refer to collection by the State, or by the producer (see
A.C.A. § 26-58-115 (Supp. 2007)), or perhaps both. It is also unclear whether this general reference to collection of the tax is intended to encompass the purchaser's current reporting and payment obligations (see A.C.A. § 26-58-116 (Repl. 1997)). These ambiguities must be resolved for proper reflection in the ballot title.
 • The proposed act states with regard to distribution of the tax proceeds that 8% shall be held in trust by the State "to aid in the payment of civil judgments, lawsuit settlements, and reparations when the State, or a person acting in his official capacity for the State, is or may be subject to civil liability." The term "reparations" is undefined. Arkansas law currently provides for awards to crime victims by the Crime Victims Reparations Board. See A.C.A. § 16-90-701 et seq. Because such reparations to crime victims do not involve any potential civil liability of the State, however, I assume your measure does not encompass these payments. I am uncertain what other payments might be included within the term "reparations," given the seemingly all-encompassing provision for paying "civil judgments" and "settlements." This ambiguity contributes to my inability to summarize the measure in a substituted ballot title.
 • The provision for distributing 40% of the severance tax proceeds to the counties is also unclear, in my view. The proposed act designates the purpose of this distribution as follows:
 . . . road maintenance, repair, or construction or for the repair, purchase, or construction of facilities for county use or for joint use of a county and a city within the county[.] *Page 7 
 • The meaning of the term "county use" in connection with "facilities" is unclear. This might refer to the county government; or it might mean that facilities that are repaired, purchased, or constructed by the county with severance tax proceeds are for the use of residents of the unincorporated part of the county only; or in the case of "joint use," for county residents and residents of a city within the county. I cannot determine your intention in this regard, or certify a ballot title for the measure without clarification of these ambiguities.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, supra. Furthermore, the Court has recently confirmed that a proposed measure cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376
(2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed act, along with a revised proposed popular name and ballot title, at your *Page 8 
convenience. I anticipate, as noted above, that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] Please note the proper spelling of the word "expenditure." This term is also misspelled in the proposed ballot title.
[2] "Natural resources" is defined as "all natural products of the soil or water of Arkansas including, but not limited to, asphalt, barite, bauxite, chalk, chert, clay, cinnabar, coal, diamonds, fuller's earth, natural gas, granite, gravel, gypsum, iron, lead ore, lignite, limestone, manganese and manganiferous ores, marble, marl, mussel shells, novaculite, oil, ochre, pearls, and other precious stones, phosphate, salt, sand, shale, slate, shells, stone and stone products, sulphur, titanium ore, and zinc ore[.]" A.C.A. § 26-58-101(2) (Repl. 1997).