Jeannie Burlsworth, Chair Secure Arkansas Post Office Box 21096 Little Rock, Arkansas 72221
Dear Ms. Burlsworth:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated measure. You have previously submitted a similar measure, which I rejected due to ambiguities in the text of your proposed amendment. See Op. Att'y Gen. 2008-056. You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 Popular Name AN ACT TO PREVENT PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES FROM RECEIVING CERTAIN PUBLIC BENEFITS
 Ballot Title AN ACT TO PREVENT PERSONS UNLAWFULLY PRESENT IN THE UNITED STATES FROM RECEIVING CERTAIN PUBLIC BENEFITS; PROVIDING THAT, EXCEPT AS PROVIDED IN THE ACT OR WHEN EXEMPTED BY FEDERAL LAW, EVERY STATE AGENCY OR POLITICAL SUBDIVISION SHALL VERIFY THE LAWFUL PRESENCE IN THE UNITED STATES OF ANY PERSON FOURTEEN (14) YEARS OF AGE OR OLDER WHO HAS APPLIED FOR A STATE OR LOCAL PUBLIC BENEFIT OR FOR A FEDERAL PUBLIC BENEFIT *Page 2 
THAT IS ADMINISTERED BY A STATE AGENCY OR A POLITICAL SUBDIVISION; DEFINING THE TERM "FEDERAL PUBLIC BENEFIT" TO MEAN THE SAME AS DEFINED IN 8 U.S.C. § 1611(c) AS IT EXISTED ON JANUARY 1, 2008; DEFINING THE TERM "POLITICAL SUBDIVISION" TO MEAN ANY COUNTY, MUNICIPALITY, TOWNSHIP, OR OTHER SPECIFIC LOCAL UNIT OF GOVERNMENT; DEFINING THE TERM "QUALIFIED ALIEN" TO MEAN AN ALIEN WHO, AT THE TIME THE ALIEN APPLIES FOR, RECEIVES, OR ATTEMPTS TO RECEIVE A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION, MEETS ONE (1) OR MORE OF THE CRITERIA ESTABLISHED IN 8 U.S.C. § 1641(B) AS IT EXISTED ON JANUARY 1, 2008; DEFINING THE TERM "STATE AGENCY" TO MEAN ANY OFFICE, DEPARTMENT, BOARD, COMMISSION, BUREAU, DIVISION, PUBLIC CORPORATION, AGENCY, OR INSTRUMENTALITY OF THIS STATE, INCLUDING WITHOUT LIMITATION A PUBLIC INSTITUTION OF HIGHER EDUCATION; DEFINING "STATE OR LOCAL PUBLIC BENEFIT" TO MEAN THE SAME AS DEFINED IN 8 U.S.C. § 1621(c) AS IT EXISTED ON JANUARY 1, 2008, AND PROVIDING THAT A STATE OR LOCAL PUBLIC BENEFIT SHALL INCLUDE THE INITIAL APPLICATION FOR ANY BUSINESS LICENSE GRANTED UNDER ARKANSAS LAW, EXCLUDING PROFESSIONAL LICENSES, BUT SHALL NOT INCLUDE THE RENEWAL OF A BUSINESS OR PROFESSIONAL LICENSE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR ANY PURPOSE FOR WHICH LAWFUL PRESENCE IN THE UNITED STATES IS NOT RESTRICTED BY LAW, ORDINANCE, OR REGULATION TO OBTAIN A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR POLITICAL SUBDIVISION; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR ASSISTANCE FOR HEALTH CARE ITEMS *Page 3 
AND SERVICES THAT ARE NECESSARY FOR THE TREATMENT OF AN EMERGENCY MEDICAL CONDITION OF THE PERSON INVOLVED AND ARE NOT RELATED TO AN ORGAN TRANSPLANT PROCEDURE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR SHORT-TERM, NONCASH, IN-KIND EMERGENCY DISASTER RELIEF; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR PUBLIC HEALTH ASSISTANCE FOR IMMUNIZATIONS WITH RESPECT TO DISEASES AND FOR TESTING AND TREATMENT OF SYMPTOMS OF A COMMUNICABLE DISEASE WHETHER OR NOT THE SYMPTOMS ARE CAUSED BY A COMMUNICABLE DISEASE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR PROGRAMS, SERVICES, OR ASSISTANCE THAT DELIVER IN-KIND SERVICES AT THE COMMUNITY LEVEL, DO NOT CONDITION THE PROVISION OF ASSISTANCE, THE AMOUNT OF ASSISTANCE PROVIDED, OR THE COST OF ASSISTANCE PROVIDED ON THE INCOME OR RESOURCES OF THE INDIVIDUAL RECIPIENT, AND ARE NECESSARY FOR THE PROTECTION OF LIFE OR SAFETY; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR PRENATAL CARE; PROVIDING THAT VERIFICATION OF LAWFUL PRESENCE SHALL NOT BE REQUIRED FOR ENROLLMENT IN A PUBLIC SCHOOL DISTRICT; PROVIDING THAT AN APPLICANT FOR A STATE OR LOCAL PUBLIC BENEFIT OR A FEDERAL PUBLIC BENEFIT THAT IS ADMINISTERED BY A STATE AGENCY OR A POLITICAL SUBDIVISION SHALL EXECUTE AN AFFIDAVIT UNDER PENALTY OF PERJURY THAT HE OR SHE IS A UNITED STATES CITIZEN OR A QUALIFIED ALIEN; PROVIDING THAT ELIGIBILITY OF A PERSON CLAIMING IN AN AFFIDAVIT TO BE A QUALIFIED ALIEN SHALL BE VERIFIED THROUGH THE SYSTEMATIC ALIEN VERIFICATION FOR ENTITLEMENTS PROGRAM; PROVIDING THAT THE AFFIDAVIT SHALL BE PRESUMED *Page 4 
TO BE PROOF OF LAWFUL PRESENCE IN THE UNITED STATES AND RECEIPT OF PUBLIC BENEFITS MAY BE AUTHORIZED PENDING THE ELIGIBILITY VERIFICATION; PROVIDING THAT AN AGENCY OR POLITICAL SUBDIVISION THAT OBTAINS AN AFFIDAVIT FROM AN APPLICANT SHALL NOT BE IN VIOLATION OF THE ACT; PROVIDING THAT ANY PERSON WHO KNOWINGLY MAKES A FALSE, FICTITIOUS, OR FRAUDULENT STATEMENT IN AN AFFIDAVIT IS SUBJECT TO CRIMINAL PENALTIES FOR FRAUDULENTLY OBTAINING PUBLIC BENEFITS; PROVIDING THAT IF THE AFFIDAVIT CONSTITUTES A FALSE CLAIM OF UNITED STATES CITIZENSHIP, A COMPLAINT SHALL BE FILED BY THE STATE AGENCY OR POLITICAL SUBDIVISION REQUIRING THE AFFIDAVIT WITH UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; PROVIDING THAT AN INDIVIDUAL WHO IS NOT LAWFULLY PRESENT IN THE UNITED STATES SHALL NOT BE ELIGIBLE ON THE BASIS OF RESIDENCE WITHIN THE STATE FOR ANY POSTSECONDARY EDUCATION BENEFIT, INCLUDING WITHOUT LIMITATION SCHOLARSHIPS OR FINANCIAL AID, AND RESIDENT TUITION; PROVIDING THAT THE INITIAL ISSUANCE OF ANY VEHICLE REGISTRATION OR CERTIFICATE OF TITLE SHALL NOT BE MADE UNLESS THE APPLICANT PRESENTS AT THE TIME OF APPLICATION A VALID ARKANSAS DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD; PROVIDING THAT THE PRESENTATION OF A VALID ARKANSAS DRIVER'S LICENSE OR AN ARKANSAS IDENTIFICATION CARD WHEN APPLYING FOR VEHICLE REGISTRATION OR A CERTIFICATE OF TITLE IS SUPPLEMENTAL TO OTHER ARKANSAS LAWS; AND PROVIDING THAT THE ACT SHALL BECOME EFFECTIVE ON JULY 4, 2009.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides *Page 5 
that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of apopular name and ballot title reflects my view of the merits of theproposal. This Office has been given no authority to consider the meritsof any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434,29 S.W.3d, 669 (2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119
(1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed act. See Arkansas Women's PoliticalCaucus v. Riviere, 283 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented.Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v.Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the *Page 6 
ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald,192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring.Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic ActionCommittee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960). Having analyzed your revised proposed initiated act, as well as your revised popular name and ballot title under the above precepts, I have concluded that there are several remaining ambiguities in the text of the measure. Additionally, as explained more fully below, I am concerned over the omission of an enacting clause from the language of your proposed initiated act.Compare Op. Att'y Gen. 2007-248 (pointing out this omission with respect to another initiative). I note the following ambiguities and concerns:
 1. The revised measure now defines the term "qualified alien," thus making it clear to whom the verification requirement under Section 1(e) applies, wherein it states that applicants for public benefits shall "execute an affidavit under penalty of perjury that he or she is a: (A) United States citizen or (B) Qualified alien." I note, however, that according to Section 1(f), "eligibility verification" through the Systematic Alien Verification for Entitlements Program applies to "any applicant who . . . claims to be a qualified alien. . .," (emphasis added), but does not apply to one who claims to be a United States citizen. Some uncertainty thus arises in light of Section 1(h)(2), which requires the state agency or political subdivision to file a complaint with *Page 7 
the United States Immigration and Customs Enforcement "[i]f the affidavit constitutes a false claim of United States citizenship. . . ." (Emphasis added). This provision causes me to question whether excluding those claiming U.S. citizenship is an oversight, and whether verification through the federal eligibility system is in fact intended to extend to such applicants, given that the state agency or political subdivision arguably will otherwise not be in a position to know an applicant's immigration status, so as to report any false claim. Without further textual guidance, I am unable to summarize this provision in a ballot title.
 2. Section 1(d)(1) states that "[v]erification of lawful presence under this section shall not be required for . . . [a]ny purpose for which lawful presence in the United States is not restricted by law, ordinance, or regulation to obtain a state or local public benefit or a federal public benefit. . . ." (Emphasis added). I cannot be certain, but I suspect that the use of word "restricted" in this subsection was inadvertent and that the intended term is "required." If so, this should be corrected for proper reflection in the ballot title.
 3. Section 1(i) includes the "Attorney General of the State of Arkansas" among those to whom the state agency or political subdivision administering public benefits must report concerning "benefits provided to persons who are found to be present in the United States unlawfully. . . ." To the extent this might suggest that the Office of Attorney General has some power to act upon the reported information, this has the potential to confuse or mislead the voters. This office in fact has no power or duty in this regard. It is consequently necessary to restate the principle that if statements in the ballot title have "a tendency to mislead the voter so as to thwart a fair understanding of the issues presented," the ballot title will likewise be insufficient. Bailey v. McCuen, supra, 318 Ark. at 285. *Page 8 
 4. The text of your initiated act does not contain a required enacting clause, whereas Arkansas Constitution Amendment 7 (now codified at Art. 5, § 1), provides that: "The style of all bills initiated and submitted under the provisions of this section shall be `Be It Enacted by the People of the State of Arkansas (municipality, or county, as the case may be).'" As stated in Mertz v. States, 318 Ark. 390, 394-95, 885 S.W.2d 853 (1994): "Simply put . . . all bills initiated must be submitted in the following language set forth in Amendment 7: "`Be it enacted by the people of the State of Arkansas' (municipality, or county as the case may be). Thus our constitution speaks, and thus our law requires." See also United States Term Limits, Inc. v. Hill, 316 Ark. 251, 872 S.W.2d 349 (1994) (recognizing that an enacting clause is required for "bills" initiated by the people, but not for constitutional amendments so initiated). The Arkansas Constitution thus clearly requires the inclusion of an enacting clause in your proposed initiated act. Your submission to this office, however, is not in its final "petition" format. It may be your intention to add an enacting clause when the language of your proposed initiated act is incorporated into a formal petition. The language of the constitution requires the enacting clause to be included in the "style of [the] bill," however. Your submitted text is presumably the entire language of your proposed "bill." Because this language does not include an enacting clause and because an act initiated without such a clause would be subject to challenge, voters may be misled as to the effectiveness of the measure. I therefore find it necessary to point out the potential omission.
I must also reiterate that the Arkansas Supreme Court will apply a fairly rigorous standard to determine whether a proposed ballot title is sufficient. The title must not be misleading or incorrect. It must be well-organized, concise and coherent so as not to mislead or confuse the voting public. Based on these standards, I must again issue a warning regarding the length and complexity of your proposed ballot title. In my view, it remains inordinately detailed and lengthy. *Page 9 
Finally, I must reemphasize that my office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, supra. Furthermore, the Court has recently confirmed that a proposed act or constitutional amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v. Priest,341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself."Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed popular name and ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure, popular name and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed act, along with a proposed popular name and ballot title, at your convenience. I anticipate that some changes or additions to your submitted popular name and ballot title may be necessary. I will perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL, Attorney General *Page 1