Mr. Robert Reed, Spokesperson Arkansans for Medical Cannabis
295 Elan Trail Dennard, Arkansas 72629
Dear Mr. Reed:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the following popular name and ballot title for a proposed initiated act:
 Popular Name ARKANSAS COMMPASSIONATE [SIC] CARE MEDICINAL CANNABIS ACT
 Ballot Title TO ESTABLISH THE USE, POSSESION [SIC] AND CULTIVATION OF CANNABIS FOR MEDICINAL PURPOSES AS AUTHORIZED BY THE ARKANSAS CONSTITUTION AND FOR NO OTHER PURPOSES
The Attorney General is required by A.C.A. § 7-9-107 to certify the popular name and ballot title of all petitions for proposed initiated or referred acts or constitutional amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name andballot title *Page 2 reflects my view of the merits of the proposal. This Office has beengiven no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest,342 Ark. 434, 445, 29 S.W.3d 669 (2000); see also Donovan v.Priest, 326 Ark. 353, 931 S.W.2d 119 (1996), Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title honestly, intelligibly, and fairly summarize the provisions of your proposed measure. Making that determination is the purpose of my review and certification: to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed measure. See ArkansasWomen's Political Caucus v. Riviere,282 Ark. 463, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act or amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958);Becker v. Riviere, 270 Ark. 219, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, *Page 3 
however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the foregoing law to your measure, I conclude that I must reject your proposed popular name as failing to be impartial, and your ballot title for failing to be intelligible, honest, or impartial. I discuss the reasons for my conclusions below.
Preliminary Matters
I note that your proposal does not contain the required enacting clause. The cases discussed above, in requiring popular names and ballot titles to be intelligible, honest, and impartial, take for granted an implied fourth requirement: that the proposal comply with technical requirements plainly set forth in the constitution. Your proposal fails to do so.
The constitution provides among other things that "[t]he style of all bills initiated and submitted under the provisions of this section shall be, `Be It Enacted by the People of the State of Arkansas (municipality or county, as the case may be).'" Ark. Const. amend. 7 (codified at Ark. Const. art. 5, § 1 —THE PETITION — Enacting Clause).
The Arkansas Supreme Court has elaborated:
 Our constitution in its present form does not afford leeway for innovative case interpretations of substantial compliance. Its language is clear that the *Page 4 
[enacting clause] provision shall be treated as mandatory. Simply put, that all bills initiated must be submitted in the . . . language set forth in Amendment 7. . . .
 Thus our constitution speaks, and thus our law requires.
Mertz v. States, 318 Ark. 390, 394-95, 885 S.W.2d 853 (1994);see also United States Term Limits, Inc. v. Hill,316 Ark. 251, 872 S.W.2d 349 (1994) (enacting clause required for initiated acts, though not for initiated constitutional amendments),Haley v. Carter, 221 Ark. 20, 24, 251 S.W.2d 826 (1952) (absence of enacting clause was "fatal defect").
Your proposal does contain the following language: "THEREFORE: BE IT SO ENACTED, ESTABLISHED AND IMPLEMENTED AS LAW BY THE PEOPLE OF ARKANSAS." In my view, to the extent this language is intended to be the required enacting clause, it is inadequate for at least two reasons. First, it simply is not the required language. As the Arkansas Supreme Court said in Mertz, substantial compliance in this area is not sufficient, and you advance no reason or explanation for ignoring language set out in exact detail in the constitution. Second, your language is insufficient because it appears at the proposal's end rather than its beginning. The constitution requires that the enacting clause shall be the "style" of all initiated bills. Ark. Const. art. 5, § 1 — THE PETITION — EnactingClause. "Style" means "[a] case name or designation . . . — Also termed title." BLACK'S LAW DICTIONARY 1560 (9th ed. 2009). A name, designation, or title appears at a writing's beginning, not its end.
Your submission is not in final "petition" format, and it may be your intention to add an enacting clause when the proposal is incorporated into a formal petition. As noted, however, the constitution requires that the enacting clause be the bill's "style." Your submitted text is presumably the entire language of your proposed "bill." Because this language does not include the enacting clause and an act initiated without it would be subject to challenge, voters may be misled as to the effectiveness of the measure.
I also note that, like several other words therein, the very first word of the proposal ("iniated") is misspelled. The popular name and ballot title are quite short; each nevertheless contains a misspelling. While misspellings are not necessarily fatal *Page 5 
flaws in and of themselves, I believe their presence would prompt a reasonable voter to question whether the ballot title is fair, honest, and complete, and whether appropriate effort and attention had been devoted to drafting the proposal itself in a way that would actually achieve the desired purpose without material, negative unintended consequences.
Popular Name
Your proposed popular name — "Arkansas Commpassionate [sic] Care Medicinal Cannabis Act" — is impermissibly partisan in using the word "compassionate." Compassion is a thing almost universally regarded as good. Your use of that word gives the popular name partisan color in implying that a vote for the proposal is a vote for compassion. While you may believe that to be fact, others may disagree, and whether an act is truly compassionate or not is, I believe, often a subjective matter. You may not appropriate the banner of "good" on the ballot where, as here, the good of the measure is a question to be decided by the voters.
Ballot Title
Your proposed ballot title fails on all counts: it is not honest, intelligible, or impartial.
Your ballot title is actively false in at least two respects. First, regardless of what your intention may have been, the language flatly states that marijuana use, possession, and cultivation for medicinal purposes are "authorized by the Arkansas Constitution." Second, it says that the proposal is for "no other purposes" than "to establish the use, possesion [sic] and cultivation of cannabis for medicinal purposes." Both statements are simply false. Our constitution does not "authorize" medical marijuana. (Your proposal being an initiated act, there is no question of its amending the constitution to authorize medical marijuana.) And your proposal actually has several purposes other than "establishing" the use, etc., of cannabis for medicinal purposes. It apparently would, for instance, change drug seizure laws and information access laws.
Your ballot title is also impermissibly misleading by omitting practically all of the proposal's provisions, changes it would make in the law, and other material facts that would give voters grounds for reflection. *Page 6 
Among many other omissions, your ballot title fails to acknowledge that your proposed measure cannot completely legalize marijuana in Arkansas for medical purposes because the drug remains illegal under federal law, 21 U.S.C. § 801 et seq.
(the Controlled Substances Act). Gonzales v. Raich, 545 U.S. 1 (2005); United States v. Oakland Cannabis Buyers' Cooperative, 532 U.S. 483 (2001). The upshot of Raich is that the federal government and its agencies have the authority to enforce the federal drug laws, even in a state that has sanctioned the use of marijuana for medicinal purposes. See Note, California Takes a Hit: The Supreme Court Upholds Congressional Authority over the State-Approved Use of Medicinal Marijuana. Gonzales v. Raich, 545 U.S. 1 (2005), 28 UALR L. Rev. 545, 580 (2006) ("The Raich decision makes it clear that federal authorities can prosecute patients possessing and consuming marijuana for medicinal purposes, irrespective of a state statute authorizing the patients use.")
Op. Att'y Gen. 2009-208
Your ballot title is merely a summary statement that the act would "establish the use, possesion [sic] and cultivation of cannabis for medicinal purposes as authorized by the Arkansas Constitution and for no other purposes." This language is wholly deficient. It evidences little or no effort to summarize your proposal and its material effects and is therefore inherently misleading, another aspect of your proposal's failure on the honesty test.
Your ballot title is also unintelligible. It purports to "establish the use, possesion [sic] and cultivation" of marijuana for medical purposes, "as authorized" by the constitution. How does one, or a law, "establish" the "cultivation" of a plant? How should one interpret the term "as authorized" when one knows that the constitution doesnot so authorize? I do not believe that a reasonable voter would necessarily know how to interpret the word "establish," and the inclusion of a false statement about the constitution only confuses matters further. *Page 7 
Proposal's Text
In my view, as discussed above, your popular name and ballot title are wholly deficient and do not fully, fairly, or correctly summarize your proposal. Aside from the popular name and ballot title, however, thetext of your proposal itself contains several ambiguities. I cannot fairly or completely summarize the effects of your proposed measure to the electorate in a popular name and ballot title without resolution of the proposal's ambiguities. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title under A.C.A. § 7-9-107(b).[1]
In the normal course, this office attempts to point out and describe all the ambiguities contained in a proposal rejected because of such ambiguities. Here, I have rejected the proposal because of fundamental shortcomings in the popular name and ballot title. Additionally in this case, given your proposal's length, complexity, grammatical errors, misspellings, misconceptions, and inconsistencies, my preparation of such a list is impracticable and would go well beyond the appropriate examination and certification process and amount to acting as the proposal's drafter. In considering whether to submit a revised proposal, you should be aware that we may call attention to a proposal's ambiguities on any review, even though they may have been embodied in an earlier version of the proposal. If you have not done so already, you may wish to consult counsel.
I can say in general that your proposal has several shortcomings that create ambiguity about its intent and effect. I list here some examples:
 • Your definition of "cannabis" is ambiguous. The word is defined as "[a]ny Cannabis plant material NOT including seeds, and plant stems containing NOT Less than .3 percent on a "dry weight basis" of (THC) delta-9 tetrahydrocannabinol concentration." It seems likely that your intent was to *Page 8 
define "cannabis" to exclude both seeds and plant stems, but the structure of the definition suggests that the word means (a) any cannabis plant material except seeds, and (b) plant stems, but only to the extent they contain the requisite amount of the specified substance.
 • Your definition of "health care practitioner" is ambiguous. The term is defined in part as "[a]ny person authorized under ACA 17-95-201-208 as able to . . . treat . . . any human disease. . . ." The reference presumably is to A.C.A. §§ 17-95-201 to-208 (Repl. 2010). But those statutes, subchapter 2 chapter 95 of title 17 of the Arkansas Code and part of the Arkansas Medical Practices Act, do not authorize anyone to treat human disease or "authorize [anyone] . . . as able" to treat disease.
 • Your definition of "caregiver" is ambiguous in failing to specify whether the three parts of the definition are alternative or cumulative requirements.
 • Your proposal is ambiguous in capitalizing the first letter of some, but not all, defined terms used in the proposal. In the definition of "paraphernalia," for instance, you refer to "Cannabis" and the "Affected Person," but also to a "caregiver." This practice creates ambiguity in introducing doubt about whether a defined but uncapitalized term is used in the defined sense.
 • Your proposal is ambiguous in using substitutes, particularly substitutes with capitalized first letters, for defined terms without explaining what if any difference is intended. For example, your proposal defines "recommendation/order," but refers in section 3 to "a written Order/Recommendation" and twice to a "Recommendation Order."
 • Section 3 of your proposal is ambiguous in referring to the "Medical Cannabis Identification Card system," a "Medical Cannabis Identification Card (MCID)," and "the MCPID," all without definition or other explanation of how these are different things or why the same thing is being referred to in different ways.
 • Section 3 of your proposal is ambiguous in referring to "a medical condition covered by this act." Nothing defines or specifies the medical conditions that are "covered by" the proposal. An "affected person," the only one who may obtain authorization to use marijuana under the proposal, is defined without express reference to any "medical condition."
 • Section 3 of your proposal is ambiguous in suggesting that the Department of Health will "certify" patients as having such medical conditions. The proposal expressly provides that it is up to a health care practitioner to *Page 9 
determine whether a person is qualified for a medical cannabis license, but the required license is to state that the "patient has been certified by the state health agency as having a medical condition covered by this act."
 • Section 4 of your proposal is ambiguous in referring to the "functional equivalent" of a registry identification card.
 • Section 4 of your proposal is ambiguous in failing to make clear whether an affected person and her caregiver may cultivate, possess, and transport the described quantities of cannabis, or twice that amount (one amount for each person).
 • Section 4 of your proposal is ambiguous in purporting to amend the statutory definition of "drug paraphernalia" to provide that it "does not apply to a person/s who are authorized to possess Cannabis" under your proposal. It is unclear how the definition of a noun that denotes inanimate objects can "apply to a person."
 • Section 4 of your proposal is ambiguous in providing that a health care practitioner who gives a recommendation/order for a patient "shall be considered to be in compliance with all laws regulating the authority of any Health Care Practitioner to recommend or prescribe any legal therapy or medication." On its face, the presumption would apply to a doctor's dealings with any patient, provided the doctor had recommended marijuana for one patient.
 • Your proposal is ambiguous in including language that appears to be your address and telephone number, language from the U.S. Code, and language apparently from a patent. It is not clear whether this material is part of the proposal.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen, supra. Furthermore, the Court has *Page 10 
confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure." Roberts v.Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See
A.C.A. § 7-9-107(c). You may, after revision, resubmit your proposal, along with a proposed popular name and ballot title, at your convenience. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] You should be aware that I likely would not have substituted a popular name and ballot title in this instance even if the body of your proposal had been free of ambiguity. Where the proposal does not evidence a good faith effort to comply with the rules governing the initiative process, including the requirement to summarize the proposal in a fair, accurate, and complete manner, and is therefore sufficiently misleading under A.C.A. § 7-9-107(c), this office will decline to prepare a substitute. See, e.g., Op. Att'y Gen. 2011-023, 2008-056, 2007-316. *Page 1